IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:23-cv-00480-CCE-LPA<br>)<br>) |
| JOSHUA STEIN, *et al.*, | )<br>) |
| Defendants. | ) |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. Upon consideration of Plaintiffs' motion, the arguments and legal authority therein, and the factual record before it, this Court finds and concludes for the specific reasons required under Federal Rule of Civil Procedure 65(d) that a TRO should be entered. As discussed below, Plaintiffs have shown (1) a likelihood of success on the merits of their claim, (2) that they and their patients will suffer irreparable harm if an injunction is not issued, and (3) that the balance of harm and the public interest weigh in favor of granting the temporary restraining order.

Specifically, Plaintiffs have shown that they are likely to prevail on their claims that the entirety of Part I and the hospitalization requirement (to be codified at N.C. Gen. Stat. § 90-21.82A) of Part II of North Carolina Session Law 2023-14 ("S.B. 20" or "the Act") are unconstitutionally vague. Part I and the hospitalization requirement of Part II of the Act likely violate due process because they create confusion about whether abortion care

permitted under the statute is also exempted from the fetal homicide statute. Plaintiffs have also shown that they are likely to prevail on their claims that these sections violate due process because they impose requirements upon Plaintiffs that are impossible to comply with and because they impose contradictory requirements; that sections of the Act violate equal protection by irrationally singling out abortion providers and their patients; and that sections of the Act may be interpreted in ways that violate the First Amendment.

The Court further finds that, absent a TRO, Plaintiffs will suffer irreparable harm in the form of deprivations of their constitutional rights by being subjected to the Act's vague, confusing, and impossible-to-comply-with provisions that nevertheless impose harsh civil and criminal penalties for noncompliance; laws that irrationally subject Plaintiffs and their patients to differential treatment; as well as by laws that curtail their First Amendment freedoms. The Court also finds that Plaintiffs' patients will suffer irreparable harm in the form of harm to their physical and mental health as a result of the Act.

Finally, the Court finds that, the balance of equities and public interest weigh in favor of injunctive relief. While Plaintiffs and their patients will face serious harm in the absence of an injunction, Defendants will not be harmed by delaying enforcement of the Act, which is likely unconstitutional.

WHEREFORE, it is hereby ORDERED that Plaintiffs' Motion for a Temporary Restraining Order is GRANTED.

IT IS FURTHER ORDERED that Defendants and their agents and successors in office are hereby ENJOINED from enforcing—by civil action, criminal proceeding,

2

administrative action or proceeding, or in any other way—the entirety of Part I and the hospitalization requirement of Part II of S.B. 20 until July __, 2023.

_____
The Honorable Catherine C. Eagles
United States District Judge

Dated: June \_\_\_\_, 2023

3