IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| JOSHUA STEIN, *et al.*, | ) Case No. 1:23-cv-00480-CCE-LPA ) |
| Defendants, | ) ) |
| and | ) ) |
| PHILIP E. BERGER, *et al.*, | ) ) |
| Intervenor-Defendants. | ) |

**PLAINTIFFS' AMENDED MOTION FOR A PRELIMINARY INJUNCTION**

Planned Parenthood South Atlantic ("PPSAT") and Beverly Gray, M.D., (together, "Plaintiffs") hereby move, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, for a preliminary injunction enjoining enforcement of two components of North Carolina Session Law 2023-14 ("S.B. 20," *see* DE 1-1) (codified as amended by Session Law 2023-65 ("H.B. 190," *see* DE 26-1) at N.C. Gen. Stat. art. 1I, ch. 90 (the "Act")). Specifically, Plaintiffs seek preliminary injunctive relief against (i) N.C. Gen. Stat. §§ 90-21.81B(3), -(4), 90-21.82A(c), 131E-153.1 (the "Hospitalization Requirement"); and (ii) *id.* § 90-21.83B(a)(7) (the "IUP Documentation Requirement").

The Court has entered a temporary restraining order enjoining enforcement of the IUP Documentation Requirement, DE 31 (TRO) at 6–9, and has extended that restraining

1

order until the Court rules on this Motion. DE 35 (Consent Order Extending TRO); DE 37 (Scheduling Order). The effective date of the Hospitalization Requirement is October 1, 2023. *See* DE 30 (Joint Stip.) at 2; DE 31 (TRO) at 9.

A preliminary injunction is justified and supported by the facts and authorities set forth in the accompanying Memorandum of Law and the Declarations of Katherine Farris, M.D., and Christy M. Boraas Alsleben, M.D., M.P.H., in support of this Amended Motion, which show that Plaintiffs meet all of the elements required for preliminary injunctive relief: (1) Plaintiffs are likely to prevail on the merits of their Due Process and Equal Protection claims with respect to the Hospitalization and IUP Requirements as set out in their First Amended Complaint (DE 42); (2) Plaintiffs and their patients will suffer irreparable injury without the injunction; (3) the injury to Plaintiffs and their patients outweighs any injury the injunction will cause the Defendants; and (4) an injunction furthers the public interest. A preliminary injunction would preserve the status quo—thereby safeguarding the health of North Carolinians and minimizing confusion for patients and providers alike—while the Court reviews the issues raised in this case.

Plaintiffs respectfully request the opportunity to present oral argument in support of this amended motion for a preliminary injunction, as contemplated by the Court's Scheduling Order (DE 37).[1] Oral argument is warranted due to the important constitutional

---

[1] That Order sets oral argument for September 21, 2023; Defendants and Intervenor-Defendants have jointly moved the Court to reschedule argument for either September 25 or 26, 2023. *See* DE 46. As noted in Defendants' motion, Plaintiffs do not object to Defendants' requested relief so long as the Court believes it will have sufficient time to

2

concerns raised by the motion and the irreparable harm faced by the Plaintiffs and their patients seeking abortions if injunctive relief is not granted before the Hospitalization Requirement's effective date on October 1, 2023.

WHEREFORE, Plaintiffs move for a preliminary injunction restraining Defendants, their employees, agents, delegates, and successors in office, and all those acting in concert with them, from enforcing or facilitating the Hospitalization Requirement and the IUP Documentation Requirement. Plaintiffs further request oral argument on this motion, and request that the Court waive the requirement for bond or security.

Dated: July 24, 2023

---

render a decision on this Amended Motion for a Preliminary Injunction prior to October 1, 2023.

Respectfully submitted,

| | |
|---|---|
| */s/ Hannah Swanson* | */s/ Kristi Graunke* |
| Hannah Swanson* | Kristi Graunke |
| Helene T. Krasnoff* | NC Bar # 51216 |
| Planned Parenthood Fed. of America | Jaclyn Maffetore |
| 1110 Vermont Avenue NW, Suite 300 | NC Bar # 50849 |
| Washington, DC 20005 | American Civil Liberties Union |
| Tel.: (202) 973-4800 | of North Carolina Legal Foundation |
| hannah.swanson@ppfa.org | P.O. Box 28004 |
| helene.krasnoff@ppfa.org | Raleigh, NC 27611 |
| | Tel.: (919) 354-5066 |
| Anjali Salvador* | kgraunke@acluofnc.org |
| Planned Parenthood Fed. of America | jmaffetore@acluofnc.org |
| 123 William Street, 9th Floor | |
| New York, NY 10038 | COUNSEL FOR ALL PLAINTIFFS |
| Tel.: (212) 541-7800 | |
| anjali.salvador@ppfa.org | *Special appearance filed* |

COUNSEL FOR PLANNED PARENTHOOD SOUTH ATLANTIC

Brigitte Amiri*
Lindsey Kaley*
Ryan Mendias*
American Civil Liberties Union Foundation
125 Broad Street, 18th Fl.
New York, NY 10004
Tel: 212-549-2633
bamiri@aclu.org
lkaley@aclu.org
rmendias@aclu.org

COUNSEL FOR BEVERLY GRAY, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that, on July 24, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which served notice of this electronic filing to all counsel of record.

*/s/ Hannah Swanson*
Hannah Swanson
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
Tel.: (202) 494-8764
hannah.swanson@ppfa.org