# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and BEVERLY GRAY, MD, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA STEIN, TODD M. WILLIAMS, JIM O'NEILL, SPENCER MERRIWEATHER, AVERY CRUMP, JEFF NIEMAN, SATANA DEBERRY, WILLIAM WEST, LORRIN FREEMAN, BENJAMIN R. DAVID, KODY H. KINSLEY, MICHAUX R. KILPATRICK, MD, PHD, and RACQUEL INGRAM, PHD, RN, all in their official capacities <br><br> Defendants. <br><br> and <br><br> PHILIP E. BERGER and TIMOTHY K. MOORE <br><br> Intervenor-Defendants. | Case No. 1:23-cv-480 <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF INTERVENOR-DEFENDANTS** |

Intervenor-Defendants, Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of

1

Representatives (together the "Intervenors" or "Legislative Leaders"), through counsel, answer Plaintiff's Verified First Amended Complaint as follows:

## INTRODUCTION

1. This paragraph contains legal conclusions to which no answer is necessary, but to the extent a response is necessary, denied.

2. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

3. Admitted.

4. Intervenors admit that Plaintiffs filed an Amended Complaint on June 16, 2023. Except as admitted, the allegations are denied.

5. Intervenors admit that Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction on June 21, 2023. Except as admitted, the allegations are denied.

6. Intervenors admit that the General Assembly passed H.B. 190, which amended S.B. 20, on June 27, 2023, and the Governor signed H.B. 190 into law on June 29, 2023. Except as admitted, the allegations are denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Intervenors admit that H.B. 190 amended S.B. 20 requiring physicians to document the existence of an intrauterine pregnancy before prescribing, administering, or dispensing abortion-inducing drugs and that the Court enjoined enforcement of this provision prior to its effective date on July 1, 2023. Except as admitted, the allegations are denied.

11. Admitted.

12. Admitted.

2

13. Intervenors admit that many of Plaintiffs' claims in the original Complaint have been resolved. The remainder of this paragraph contains legal statements to which no answer is necessary, but to the extent a response is necessary, the allegations are denied.

14. Intervenors admit that physicians and nurses who violate the Act may be subject to disciplinary action, or for certain provisions, criminal penalties. Except as admitted, the allegations are denied.

15. Denied.

16. Denied.

17. Denied.

18. Intervenors admit that the Supreme Court of the United States held the "Constitution does not confer a right to abortion" and that "the authority to regulate abortion is returned to the people and their elected representatives." *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022). Except as admitted, the allegations are denied.

19. This paragraph contains legal statements to which no answer is necessary, but to the extent a response is necessary, the allegations are denied.

## JURISDICTION AND VENUE

20. This paragraph contains a legal conclusion to which no answer is necessary, but to the extent a response is necessary, admitted.

21. This paragraph contains a legal conclusion to which no answer is necessary, but to the extent a response is necessary, denied.

22. This paragraph contains a legal conclusion to which no answer is necessary. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations as to Defendants' residence, and thus deny them.

3

## PLAINTIFFS

23. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

24. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

## DEFENDANTS

25. Intervenors admit that Joshua Stein is the Attorney General of North Carolina. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

26. Intervenors admit that Todd M. Williams is the District Attorney for Prosecutorial District 40. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

27. Intervenors admit that Jim O'Neill is the District Attorney for Prosecutorial District 31. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

28. Intervenors admit that Spencer B. Merriweather III is the District Attorney for Prosecutorial District 26. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

29. Intervenors admit that Avery Crump is the District Attorney for Prosecutorial District 24. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

30. Intervenors admit that Jeff Nieman is the District Attorney for Prosecutorial District 18. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

31. Intervenors admit that Satana Deberry is the District Attorney for Prosecutorial District 16. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

32. Intervenors admit that William West is the District Attorney for Prosecutorial District 14. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

33. Intervenors admit that Lorrin Freeman is the District Attorney for Prosecutorial District 10. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

34. Intervenors admit that Benjamin R. David is the District Attorney for Prosecutorial District 6. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

35. Intervenors admit that Kody H. Kinsley is the Secretary of the Department of Health and Human Services. The remaining allegations of this paragraph are legal conclusions to which no answer is necessary.

36. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

37. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

## STATUTORY FRAMEWORK

38. Intervenors admit that prior to the Act, North Carolina law permitted abortions up to 20 weeks of pregnancy and required a patient to be furnished with certain information and give informed consent following a 72-hour reflection period. Except as admitted, the allegations are denied.

39. Intervenors admit that the Act was enacted over the Governor's veto and that Part I of the Act took effect on July 1, 2023 (except the provision

5

blocked by this Court) and Part II of the Act is set to take effect on October 1, 2023. Intervenors admit that the Act prohibits abortions after 12 weeks of pregnancy, except in cases of medical emergencies, rape or incest, or life-limiting anomalies, and that patients must be furnished with pertinent information in person. Except as admitted, the allegations are denied.

40. This paragraph is a legal statement to which no answer is necessary.

41. Admitted.

42. Admitted.

43. Intervenors admit that surgical abortions, when permitted after the twelfth week of pregnancy, shall only be performed in a hospital by a licensed physician. The statutes speak for themselves. Except as admitted, the allegations are denied.

44. Intervenors admit that a physician must document the existence of an intrauterine pregnancy before prescribing, administering, or dispensing abortion-inducing drugs. Except as admitted, the allegations are denied.

45. Admitted.

46. Admitted.

## FACTUAL ALLEGATIONS

47. Denied.

48. Intervenors admit that the only FDA-approved medical abortion regimen involves the use of two drugs, mifepristone and misoprostol, for the termination of intrauterine pregnancy up to 10 weeks. Intervenors lack sufficient knowledge or information necessary to admit or deny the remaining allegations in this paragraph, and thus deny them.

6

49. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

50. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

51. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

52. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

53. Denied.

54. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

55. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

56. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

57. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

58. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

59. Denied.

60. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

61. Denied.

62. Denied.

63. Intervenors admit that surgical abortions, when permitted after the twelfth week of pregnancy, shall only be performed in a hospital.

Intervenors lack sufficient knowledge or information necessary to admit or deny the remaining allegations in this paragraph, and thus deny them.

64. Denied.

65. Denied.

66. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

67. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

68. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

69. Denied.

70. Denied.

71. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

72. The Supreme Court in *Dobbs* overruled these precedents from 40-50 years ago when it held that a law regulating abortion "must be sustained if there is a rational basis on which the legislature could have thought that it would serve legitimate state interests." *Dobbs*, 142 S. Ct. at 2284. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

78. The statutory provisions speak for themselves. Intervenors deny the remaining allegations in this paragraph.

8

79. The statutory provisions speak for themselves. Intervenors deny the remaining allegations in this paragraph.

80. The statutory provisions speak for themselves. Intervenors deny the remaining allegations in this paragraph.

81. Intervenors lack sufficient knowledge or information necessary to admit or deny the allegations in this paragraph, and thus deny them.

## CLAIMS FOR RELIEF

82. Intervenors incorporate their responses to prior paragraphs.

83. Denied.

84. Intervenors incorporate their responses to prior paragraphs.

85. Denied.

86. Denied.

## REQUESTED RELIEF

To the extent the Requested Relief requires a response, Intervenors deny any such relief is warranted. Intervenors ask that the Court deny any request for injunctive relief and declare that the Act is valid and enforceable. Intervenors further request that the Court award them costs, expenses, and attorneys' fees incurred defending against these claims, as may be allowed by law, and such other relief as the Court deems just and proper under the law and in equity.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief could be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. The Act is constitutional and should be sustained because it satisfies rational basis review. A law regulating abortion is entitled to a "strong

9

presumption of validity" and "must be sustained if there is a rational basis on which the legislature could have thought that it would serve legitimate state interests." *Dobbs*, 142 S. Ct. at 2284.

3. The Act is not unconstitutionally vague.

4. The Act does not violate the Equal Protection Clause.

RESPECTFULLY SUBMITTED THIS 31st day of July, 2023.

<div style="margin-left:2em">

*s/ W. Ellis Boyle*
W. Ellis Boyle
N.C. State Bar I.D. No. 33826
email: docket@wardandsmith.com *
email: weboyle@wardandsmith.com **
WARD AND SMITH, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Tel.: (919) 277-9100
Fax: (919) 277-9177

Erin Hawley***
DC Bar No. 500782
ehawley@adflegal.org
Erica Steinmiller-Perdomo***
DC Bar No. 90009737
esteinmiller@ADFlegal.org
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Tel.: (202) 393-8690
Fax: (202) 347-3622

Denise M. Harle***
GA Bar No. 176758
dharle@adflegal.org
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Ste D-1100
Lawrenceville, GA 30043

</div>

Tel.: (770) 339-0774
Fax: (480) 444-0028

Julia Payne\*\*\*
IN Bar No. 34728-53
jpayne@adflegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Tel.: (480) 388-8028
Fax: (480) 444-0028

*Attorneys for Intervenor-Defendants*

\*\*\* *Notice of Special Appearance Filed*

\* This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

\*\* Email address to be used for all communications other than service.

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<div style="text-align: right;">
*s/ W. Ellis Boyle*
W. Ellis Boyle
</div>

ND:4868-4667-0450, v. 1