# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and BEVERLY GRAY, M.D., on behalf of themselves and their patients seeking abortions,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>JOSHUA H. STEIN, Attorney General of North Carolina, in his official Capacity, *et al*.<br><br>　　　　　　　　　Defendants. | No. 1:23-CV-480 |

## ANSWER OF KODY H. KINSLEY, SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, TO VERIFIED FIRST AMENDED COMPLAINT

NOW COMES defendant Kody H. Kinsley, M.P.P., in his official capacity as Secretary of the North Carolina Department of Health and Human Services ("DHHS"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(a)(1)(A) and the Scheduling Order of July 6, 2023 (DE 37), hereby answers the Verified First Amended Complaint (DE 42, filed July 17, 2023) as follows:

### RESPONSE TO "INTRODUCTORY STATEMENT AND CASE HISTORY"

1.　　The allegations in Paragraph 1 state legal conclusions and/or constitute Plaintiffs' characterization of this proceeding and their interpretations of various laws, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

2. The allegations in Paragraph 2 state legal conclusions and/or constitute Plaintiffs' characterization of this proceeding and their interpretations of various laws, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

3. Admitted.

4. It is admitted that Plaintiffs filed their original complaint on June 16, 2023. The remaining allegations in Paragraph 4 characterize the complaint, which speaks for itself, and which requires no response. To the extent that a response is deemed to be required, the allegations are denied.

5. It is admitted that Plaintiffs filed their motion for a TRO and PI on June 21, 2023. The remaining allegations in Paragraph 5 characterize this motion, which speaks for itself, and which requires no response. To the extent that a response is deemed to be required, the allegations are denied.

6. It is admitted that the General Assembly passed H.B. 190 on June 27, 2023, that H.B amended S.B. 20, and that Governor Cooper signed H.B. into law on June 29, 2023. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6, and therefore, denies them.

7. It is admitted that the parties filed a joint stipulation on June 29, 2023 (DE 30). The remaining allegations in Paragraph 7 characterize the complaint and/or H.B. 190, which speak for themselves, and which require no response. To the extent that a response is deemed to be required, the allegations are denied.

8. It is admitted that the parties filed a joint stipulation on June 29,2023 (DE 30). The remaining allegations in Paragraph 8 quote from the stipulation, which speaks for itself, and/or

characterizes the relief sought in the complaint and/or the Court's Order of June 30, 2023 (DE 31), each of which speaks for itself, and which requires no response. To the extent that a response is deemed to be required, the allegations are denied.

9. It is admitted that the parties filed a joint stipulation on June 29, 2023 (DE 30). The remaining allegations in Paragraph 9 quote from the stipulation, which speaks for itself, and/or characterizes the relief sought in the complaint and/or the Court's Order of June 30, 2023 (DE 31), each of which speaks for itself, and which requires no response. To the extent that a response is deemed to be required, the allegations are denied.

10. The allegations in Paragraph 10 characterize H.B. 20 and/or the Court's Order of June 30, 2023 (DE 31), each of which speaks for itself, and requires no response. To the extent that a response is deemed to be required, the allegations are denied.

11. It is admitted that the Court by order dated July 5, 2023 (DE 35) and by consent of the parties extended the TRO until the Court rules on a renewed motion for a preliminary injunction, and further admitted that the Court by order dated July 6, 2023 (DE 37) entered a Scheduling Order. The remaining allegations in Paragraph 11 characterize the Court's orders, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

12. It is admitted that the Court by order dated July 6, 2023 (DE 37) entered a Scheduling Order that directed Plaintiffs to filed an amended complaint by July 17, 2023.

13. The allegations in Paragraph 13 purport to characterize the original Complaint and the amended Complaint and/or the nature of the claims being asserted and/or the applicable law,

3

to which no response is required. To the extent that a response is required, the allegations are denied.

14. The allegations in Paragraph 14 purport to characterize S.B. 20 (N.C. Gen. Stat. art 11, ch. 90), which speaks for itself, and as to which no response is required. To the extent that a response is required, the allegations are denied.

15. The allegations in Paragraph 15 purport to characterize portions of S.B. 20 (N.C. Gen. Stat. art 11, ch. 90), including the IUP Documentation Requirement, which speaks for itself, and as to which no response is required. To the extent that a response is required, Defendant admits that requiring IUP Documentation may prevent people from accessing a medication abortion early in a pregnancy before an intrauterine pregnancy can be seen on an ultrasound. Defendant also admits that this may delay access to a medical abortion or compel a person to have a procedural abortion. Except as admitted, the allegations are denied.

16. The allegations in Paragraph 16 purport to characterize portions of S.B. 20 (N.C. Gen. Stat. art 11, ch. 90), including the Hospitalization Requirement, which speaks for itself, and as to which no response is required. To the extent that a response is required, Defendant admits that the Hospitalization Requirement will limit the number of available providers, which may decrease access to care for patients. Except as admitted, the allegations are denied.

17. The allegations in Paragraph 17 purport to characterize portions of S.B. 20 (N.C. Gen. Stat. art 11, ch. 90), which speaks for itself, and as to which no response is required. To the extent that a response is required, Defendant admits that the rate of Severe Maternal Morbidities for non-Hispanic black women in North Carolina is almost two times higher than the rate for non-Hispanic white women in North Carolina. Defendant admits that the rate for Maternal Mortality

for non-Hispanic black women is almost two times higher than the rate for non-Hispanic white women. Defendant also admits that there is a shortage of maternal health providers in rural areas of North Carolina. Except as admitted, the allegations re denied.

18. The allegations in Paragraph 18 purport to state one or more conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

19. The allegations in Paragraph 19 constitute Plaintiffs' characterization of this proceeding, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

## RESPONSE TO SECTION ENTITLED "JURISDICTION AND VENUE"

20. The allegations in Paragraph 20 purport to state one or more conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

21. The allegations in Paragraph 21 purport to state one or more conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

22. The allegations in Paragraph 22 purport to state one or more conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

## RESPONSE TO SECTION ENTITLED "PLAINTIFFS"

23. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23, and therefore, denies them.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24, and therefore, denies them.

## RESPONSE TO SECTION ENTITLED "DEFENDANTS"

25. It is admitted that Joshua H. Stein is the Attorney General of North Carolina. It is admitted that AG Stein has been named as a defendant in this lawsuit in his official capacity. It is admitted that the Attorney General is the chief law enforcement officer in the State with power to enforce State law including certain provisions of the state laws addressed in the Complaint. Except as admitted, denied.

26. It is admitted that Todd M. Williams is the District Attorney for North Carolina's 40th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 40, and that DA Williams has been named as a defendant in this lawsuit in his official capacity. Except as admitted, denied.

27. It is admitted that Jim O'Neill is the District Attorney for North Carolina's 31st Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 31, and that DA O'Neill has been named as a defendant in this lawsuit in his official capacity. Except as admitted, denied.

28. It is admitted that Spencer B. Merriweather III is the District Attorney for North Carolina's 26th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 26, and that DA Merriweather has been named as a defendant in this lawsuit in his official capacity. Except as admitted, denied.

29. It is admitted that Avery Crump is the District Attorney for North Carolina's 24th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under

relevant North Carolina law occurring within Prosecutorial District 24, and that DA Crump has been named as a defendant in this lawsuit in her official capacity. Except as admitted, denied.

30. It is admitted that Jeff Nieman is the District Attorney for North Carolina's 18th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 18, and that DA Nieman has been named as a defendant in this lawsuit in his official capacity. Except as admitted, denied.

31. It is admitted that Satana Deberry is the District Attorney for North Carolina's 16th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 18, and that DA Deberry has been named as a defendant in this lawsuit in her official capacity. Except as admitted, denied.

32. It is admitted that William West is the District Attorney for North Carolina's 14th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 14, and that DA West has been named as a defendant in this lawsuit in his official capacity. Except as admitted, denied.

33. It is admitted that Lorrin Freeman is the District Attorney for North Carolina's 10th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 10, and that DA Freeman has been named as a defendant in this lawsuit in her official capacity. Except as admitted, denied.

34. It is admitted that Benjamin R. David is the District Attorney for North Carolina's 6th Prosecutorial District, that the District Attorney is responsible for criminal prosecutions under relevant North Carolina law occurring within Prosecutorial District 6, and that DA David has been named as a defendant in this lawsuit in his official capacity. Except as admitted, denied.

35. It is admitted that Kody H. Kinsley is the Secretary of the North Carolina Department of Health and Human Services (DHHS). It is admitted that DHHS is charged with licensing of hospitals and certification of clinics that provide abortion; denial, suspension, and revocation of facility certifications; and investigations of complaints relating to clinics that provide abortion. Defendant further states that the statutes and rules speak for themselves and require no response. It is admitted that Secretary Kinsley has been named as a defendant in this lawsuit in his official capacity. Except as admitted, denied.

36. It is admitted that Michaux R. Kilpatrick, MD, PhD is the President of the North Carolina Medical Board, an entity with regulatory authority relating to physicians in North Carolina. It is admitted that Dr. Kilpatrick has been named as a defendant in this lawsuit in her official capacity. The remaining allegations in Paragraph 36 purport to state one or more legal conclusions, to which no response is required.

37. It is admitted that Racquel Ingram is the Chair of the North Carolina Board of Nursing, an entity with regulatory authority relating to nurses and others in North Carolina. It is admitted that Ms. Ingram has been named as a defendant in this lawsuit in her official capacity. The remaining allegations in Paragraph 37 purport to state one or more legal conclusions, to which no response is required

## RESPONSE TO SECTION ENTITLED "STATUTORY FRAMEWORK"

38. The allegations in Paragraph 38 state legal conclusions and/or constitute Plaintiff's interpretations of certain laws, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

39. The allegations in Paragraph 39 state legal conclusions and/or constitute Plaintiff's interpretations of law, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

40. The allegations in Paragraph 40 state legal conclusions and/or constitute Plaintiff's interpretations of certain laws, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

41. The allegations in Paragraph 41 state legal conclusions, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

42. The allegations in Paragraph 42 state legal conclusions, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

43. The allegations in Paragraph 43 state legal conclusions and/or constitute Plaintiff's interpretations of certain laws, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

44. The allegations in Paragraph 44 state legal conclusions and/or constitute Plaintiff's interpretations of certain laws, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied

45. The allegations in Paragraph 45 state legal conclusions, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

46. The allegations in Paragraph 46 state legal conclusions, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

## RESPONSE TO SECTION ENTITLED "FACTUAL ALLEGATIONS"

47. Defendant admits that reproductive health services including abortion is a basic and essential component of health care. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 47, and therefore, denies them.

48. Defendant admits that medication abortions in the first trimester can involve mifepristone in a regimen with misoprostol. Defendant admits that typically patients first take mifepristone, which works by blocking the hormone progesterone, without which the pregnancy cannot continue, followed by misoprostol 24 to 48 hours later, which causes uterine contractions similar to an early miscarriage.

49. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49, and therefore, denies them.

50. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50, and therefore, denies them.

51. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 51, and therefore, denies them.

52. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 52, and therefore, denies them.

53. Defendant admits that the risk of serious complications related to abortion is low. The remaining allegations in Paragraph 53 purport to quote from an FDA document, which speaks for itself, and to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

54. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 54, and therefore, denies them.

55. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 55, and therefore, denies them.

56. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 56, and therefore, denies them.

57. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 57, and therefore, denies them.

58. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 58, and therefore, denies them.

59. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 59, and therefore, denies them.  The allegations also purport to quote from multiple articles, which speaks for themselves, and to which no response is required.  To the extent a response is deemed to be required, the allegations are denied.

60. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 60, and therefore, denies them.

61. The allegations in Paragraph 61 state legal conclusions and/or legal argument, to which no response is required.  To the extent a response is deemed to be required, the allegations are denied.  Except as admitted, denied.

62. The allegations in Paragraph 62 state legal conclusions and/or legal argument, to which no response is required.  To the extent a response is deemed to be required, the allegations are denied.  Except as admitted, denied.

11

63. The allegations in the first sentence of Paragraph 63 state legal conclusions, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 63, and therefore, denies them.

64. The allegations in Paragraph 64 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

65. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65, and therefore, denies them. The allegations also purport to quote from an article, which speaks for itself, and to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

66. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 66, and therefore, denies them. To the extent a response is deemed to be required, the allegations are denied.

67. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 67, and therefore, denies them. To the extent a response is deemed to be required, the allegations are denied.

68. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68, and therefore, denies them. To the extent a response is deemed to be required, the allegations are denied.

69. Defendant admits that the risk of serious complications from abortion care is low. The remaining allegations in Paragraph 69 purport to quote from an article, which speaks for itself,

12

Case 1:23-cv-00480-CCE-LPA   Document 55   Filed 07/31/23   Page 12 of 16

and to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

70. Defendant admits that the maternal mortality rate is higher for childbirth than the rate associated with an abortion. The remaining allegations in Paragraph 70 purport to quote from an article, which speaks for itself, and to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

71. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 71, and therefore, denies them. To the extent a response is deemed to be required, the allegations are denied.

72. The allegations in Paragraph 72 state legal conclusions and/or legal argument and/or cite to cases, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

73. The allegations in Paragraph 73 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

74. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 74, and therefore, denies them. The allegations also purport to quote from an article, which speaks for itself, and to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

75. The allegations in Paragraph 75 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

76. The allegations in Paragraph 76 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

77. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 77, and therefore, denies them. To the extent a response is deemed to be required, the allegations are denied.

78. The allegations in Paragraph 78 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

79. Defendant is without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 79, and therefore, denies them. The remaining allegations in Paragraph 79 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

80. The allegations in Paragraph 80 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

81. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 81, and therefore, denies them. To the extent a response is deemed to be required, the allegations are denied.

## RESPONSES TO "CLAIMS FOR RELIEF"

## FIRST CLAIM FOR RELIEF: DUE PROCESS--VAGUENESS

82. Defendant incorporates by reference and specifically reasserts its responses to Plaintiffs' allegations set forth above.

83. The allegations in Paragraph 83 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

## SECOND CLAIM FOR RELIEF: DUE PROCESS AND EQUAL PROTECTION

84. Defendant incorporates by reference and specifically reasserts its responses to Plaintiffs' allegations set forth above.

85. The allegations in Paragraph 85 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

86. The allegations in Paragraph 86 state legal conclusions and/or legal argument, to which no response is required. To the extent a response is deemed to be required, the allegations are denied. Except as admitted, denied.

## RESPONSE TO "REQUESTED RELIEF"

Paragraphs 1 through 4 in the "Requested Relief" constitute and/or characterize Plaintiffs' request for relief in this action, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

Except as expressly admitted above, Defendant denies each and every remaining allegation of the Complaint.

Respectfully submitted, this 31st day of July, 2023.

/s/ Michael T. Wood
_____
Michael T. Wood
Special Deputy Attorney General
N.C. Bar No. 32427

N.C. Dept. of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-0186
Fax: 919-716-6758
Email: MWood@ncdoj.gov

*Attorney for Kody H. Kinsley, in his official capacity as Secretary of the North Carolina Department of Health and Human Services*