IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and BEVERLY GRAY, M.D, on behalf of themselves and their patients seeking abortions, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-00480-CCE-LPA |
| JOSHUA STEIN, Attorney General of North Carolina, in his official capacity et al., | ) ) ) ) | |
| Defendants. | ) | |

_____

## ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Defendant Jim O'Neill, District Attorney for Prosecutorial District 31, in his official capacity ("O'Neill"), by and through the undersigned counsel, and hereby responds to the allegations of Plaintiffs' Verified First Amended Complaint for Declaratory and Injunctive Relief as follows:

**INTRODUCTORY STATEMENT AND CASE HISTORY**

1. Denied for lack of knowledge of information, except it is admitted that Plaintiffs assert claims under 42 U.S.C. § 1983 and that the referenced Act bans abortion after twelve weeks of pregnancy with certain exceptions.

1

#826731

2. Plaintiffs' Complaint is the best evidence of the claims Plaintiffs are asserting in this action and no response by O'Neill is required; however, to the extent that the allegations contained in paragraph 2 can be construed to require a response by O'Neill, they are denied.

3. Admitted.

4. Plaintiffs' Complaint is the best evidence of the claims Plaintiffs are asserting in this action and no response by O'Neill is required; however, to the extent that the allegations contained in paragraph 4 can be construed to require a response by O'Neill, they are denied.

5. Admitted.

6. Denied for lack of knowledge or information, except it is admitted that the General Assembly passed H.B. 190 on June 27, 2023, and that Governor Cooper signed H.B. 190 into law on June 29, 2023.

7. Admitted.

8. The referenced Joint Stipulation is the best evidence of the content contained therein and no response by O'Neill is required; however, to the extent that the allegations contained in paragraph 8 are inconsistent with the Joint Stipulation, they are denied.

9. The referenced Joint Stipulation is the best evidence of the content contained therein and no response by O'Neill is required; however, to the extent that the allegations contained in paragraph 9 are inconsistent with the Joint Stipulation, they are denied.

10. The referenced Order is the best evidence of the content contained therein and no response by O'Neill is required; however, to the extent that the allegations contained in paragraph 10 are inconsistent with the Order, they are denied.

11. The referenced Order is the best evidence of the content contained therein and no response by O'Neill is required; however, to the extent that the allegations contained in paragraph 11 are inconsistent with the Order, they are denied.

12. The referenced Order is the best evidence of the content contained therein and no response by O'Neill is required; however, to the extent that the allegations contained in paragraph 12 are inconsistent with the Order, they are denied.

13. Plaintiffs' Complaint is the best evidence of the claims Plaintiffs are asserting in this action and no response by O'Neill is required; however, to the extent that the allegations contend in paragraph 13 can be construed to require a response by O'Neill, they are denied.

14. Paragraph 14 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

15. Denied for lack of knowledge or information.

16. Denied for lack of knowledge or information.

17. Denied for lack of knowledge or information.

18. Paragraph 18 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

19. Denied for lack of knowledge or information.

## JURISDICTION AND VENUE

20. Paragraph 20 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

21. Paragraph 21 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

22. Paragraph 22 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

## PLAINTIFFS

23. Denied for lack of knowledge or information.

24. Denied for lack of knowledge or information.

## DEFENDANTS

25. Paragraph 25 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statutes or can otherwise be construed to require a response, they are denied. O'Neill admits that Joshua Stein is the Attorney General of North Carolina and that he is being sued in his official capacity.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Denied for lack of knowledge or information, except it is admitted that Kody H. Kinsley is the Secretary of the Department of Health and Human Service.

36. Denied for lack of knowledge or information, except it is admitted that Michaux R. Kilpatrick is the President of the North Carolina Medical Board.

37. Denied for lack of knowledge or information, except it is admitted that Racquel Ingram is the Chair of the North Carolina Board of Nursing.

## STATUTORY FRAMEWORK

38. Denied for lack of knowledge and information, except it is admitted that the referenced statute is the best evidence of the content contained therein.

39. Denied for lack of knowledge and information, except it is admitted that the referenced statute is the best evidence of the content contained therein.

40. Denied for lack of knowledge and information, except it is admitted that the referenced statute is the best evidence of the content contained therein.

41. Paragraph 41 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

42. Paragraph 42 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

43. Paragraph 43 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

44. Paragraph 44 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

45. Paragraph 45 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

46. Paragraph 46 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

## FACTUAL ALLEGATIONS

47. Denied for lack of knowledge or information.

### Whether the Act Allows Early Medication Abortion

48. Denied for lack of knowledge or information.

49. Denied for lack of knowledge or information.

50. Denied for lack of knowledge or information.

51. Denied for lack of knowledge or information.

52. Denied for lack of knowledge or information.

53. Denied for lack of knowledge or information.

54. Denied for lack of knowledge or information.

55. Denied for lack of knowledge or information.

56. Denied for lack of knowledge or information.

57. Denied for lack of knowledge or information.

58. Denied for lack of knowledge or information.

59. Denied for lack of knowledge or information.

60. Denied for lack of knowledge or information.

61. Paragraph 61 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

62. Paragraph 62 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

<u>Hospitalization Requirement for Procedural Abortions Under Exceptions
After the Twelfth Week of Pregnancy</u>

63. Paragraph 63 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the

referenced statute or can otherwise be construed to require a response, they are denied. O'Neill specifically denies for lack of knowledge what services PPSAT would or would not provide.

64. Denied for lack of knowledge or information.

65. Denied for lack of knowledge or information.

66. Denied for lack of knowledge or information.

67. Denied for lack of knowledge or information.

68. Denied for lack of knowledge or information.

69. Denied for lack of knowledge or information.

70. Denied for lack of knowledge or information.

71. Denied for lack of knowledge or information.

72. Paragraph 72 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced cases or can otherwise be construed to require a response, they are denied. O'Neill specifically denies for lack of knowledge or information the "safety profile of procedural abortions."

73. Paragraph 73 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied. O'Neill specifically denies for lack of knowledge or information the techniques or risks associated with procedural abortions.

74. Denied for lack of knowledge or information.

75. Paragraph 75 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations can be construed to require a response, they are denied.

76. Denied for lack of knowledge or information.

### Whether Induction Abortion Is Permitted for Rape and Incest Survivors After the Twelfth Week of Pregnancy

77. Denied for lack of knowledge or information.

78. Paragraph 78 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

79. Paragraph 79 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

80. Paragraph 80 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

81. Denied for lack of knowledge or information.

### CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### DUE PROCESS – VAGUENESS

82. O'Neill's responses to the preceding paragraphs are realleged and incorporated herein.

83. Paragraph 83 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

## SECOND CLAIM FOR RELIEF
## DUE PROCESS AND EQUAL PROTECTION

84. O'Neill's responses to the preceding paragraphs are realleged and incorporated herein.

85. Paragraph 85 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

86. Paragraph 86 contains legal conclusions that require no response from O'Neill; however, to the extent that Plaintiffs' allegations are inconsistent with the referenced statute or can otherwise be construed to require a response, they are denied.

WHEREFORE, Defendant O'Neill prays for the following relief:

1. That the Plaintiffs have and recover nothing from O'Neill;

2. That the Court declare the rights of the parties and the constitutionality of the challenged statutory provisions;

3. That the costs of this action be taxed against parties other than O'Neill; and

4. For such other and further relief that the Court deems just and proper.

This the 31st day of July, 2023

/s/ Kevin G. Williams
Kevin G. Williams,
N.C. State Bar No. 25760
*Attorney for Defendant Jim O'Neill, District Attorney for Prosecutorial District 31*

OF COUNSEL:
**BELL, DAVIS & PITT, P.A.**
Post Office Box 21029
Winston Salem, NC 27120
Telephone: 336-722-3700
Facsimile: 336-722-8153
Email: kwilliams@belldavispitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of July, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<i>/s/ Kevin G. Williams</i><br>
Kevin G. Williams

#826731