# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and BEVERLY GRAY, M.D, on behalf of themselves and their patients seeking abortions,<br><br>Plaintiffs,<br><br>v.<br><br>JOSHUA STEIN, Attorney General of North Carolina, in his official capacity et al.,<br><br>Defendants. | Case No. 1:23-cv-00480-CCE-LPA |

_____

### RESPONSE BY DEFENDANT JIM O'NEILL, DISTRICT ATTORNEY FOR PROSECUTORIAL DISTRICT 31, TO PLAINTIFFS' AMENDED MOTION FOR A PRELIMINARY INJUNCTION

On July 6, 2023, the Court entered a Scheduling Order [ECF 37], requiring Plaintiffs to file an Amended Motion for Preliminary Injunction no later than July 24, 2023, which Plaintiffs have now done. [ECF 48] The Scheduling Order further provides that all Defendants taking a position on Plaintiffs' Motion for Preliminary Injunction shall file a joint brief no later than July 31, 2023, and that "any defendant who does not take a position SHALL file a response so stating." [ECF 37, ¶ 6]

Defendant Jim O'Neill, District Attorney for Prosecutorial District 31, in his official capacity ("O'Neill"), submits this response to inform the Court that he does not take a position on the relief sought in Plaintiffs' Amended Motion for a Preliminary Injunction or

#826799

the constitutionality or unconstitutionality of: (1) N.C. Gen. Stat. §§ 90-21.81B(3), -(4), 90-21.82A(c), 131E-153.1 (the "Hospitalization Requirement"); or, (2) N.C. Gen. Stat. § 90-21.83B(a)(7) (the "IUP Documentation Requirement").

O'Neill furthers states, as a preliminary matter, that O'Neill, an elected District Attorney, does not have the requisite knowledge or experience to fully understand and assess the factual premises upon which Plaintiffs' allegations of unconstitutionality of the Hospitalization Requirement or the IUP Documentation Requirement are based. More fundamentally, however, Article IV of the North Carolina Constitution sets forth the judicial power of the State and, specifically, Section 18 obligates a district attorney to "advise the officers of justice in his district" and to "be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district." To that end, O'Neill swore an oath to "endeavor to have the criminal laws fairly and impartially administered, so far as in [him] lies, according to the best of [his] knowledge and ability." N.C. Gen. Stat. § 11-11. <u>See also</u> N.C. Gen. Stat. § 7A-61 (noting that "[t]he district attorney shall . . . prosecute in a timely manner in the name of the State all criminal actions and infractions requiring prosecution in the Superior and District courts of the district attorney's prosecutorial district"); Rule 3.8 of the North Carolina Rules of Professional Conduct "Special Responsibilities of a Prosecutor" cmts 1 and 2, noting that "a prosecutor has the responsibility of a minister of justice and not simply that of an advocate; the prosecutor's duty is to seek justice" and a prosecutor "should use restraint in the discretionary exercise of government powers, such as in the selection of cases to prosecute"). Prosecutorial discretion requires a District Attorney to weigh "such factors as

#826799

the likelihood of successful prosecution, the social value of obtaining a conviction as against the time and expense to the State, and the prosecutor's own sense of justice in the particular case." *State v. Rogers,* 68 N.C. App. 358, 368 (1984).

Accordingly, although a District Attorney retains certain prosecutorial discretion in deciding which cases to prosecute and/or prioritize based on a variety of factors, it is ultimately the duty of a District Attorney to enforce the laws of the State of North Carolina as enacted by the North Carolina General Assembly, and it is predominantly within the province of the General Assembly to determine which behaviors to criminalize and which behaviors to decriminalize. A District Attorney who willfully and persistently fails to perform his duties is subject to being removed from office. *See* N.C. Gen. Stat. § 7A-66. With these duties, obligations, and authority in mind, to the best of his knowledge and ability, O'Neill will continue to fairly and impartially prosecute violations of the laws of the State of North Carolina in his district, as enacted by the General Assembly and as construed and interpreted by this Court and any other Court of competent jurisdiction.

This the 31st day of July, 2023

/s/ Kevin G. Williams
Kevin G. Williams, N.C. State Bar No. 25760
*Attorney for Defendant Jim O'Neill, District Attorney for Prosecutorial District 31*

OF COUNSEL:
**BELL, DAVIS & PITT, P.A.**
Post Office Box 21029
Winston Salem, NC 27120
Telephone: 336-722-3700
Facsimile: 336-722-8153
Email: kwilliams@belldavispitt.com

#826799

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of July, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Kevin G. Williams*
Kevin G. Williams

#826799