# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

### Case No.: 1:23-cv-00480-CCE-LPA

| | | |
|---|---|---|
| **PLANNED PARENTHOOD SOUTH ATLANTIC, et al.** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **ANSWER OF DEFENDANTS** |
| | ) | **WILLIAMS,** |
| **v.** | ) | **MERRIWEATHER, CRUMP,** |
| | ) | **NIEMAN, DEBERRY, WEST,** |
| **STEIN, et al.** | ) | **FREEMAN, AND DAVID** |
| | ) | |
| **Defendants.** | ) | |

NOW COME Defendants Todd M. Williams, District Attorney for the 40th Prosecutorial District, Spencer Merriweather, III, District Attorney for the 26th Prosecutorial District, Avery Michelle Crump, District Attorney for the 24th Prosecutorial District, Jeff Nieman, District Attorney for the 18th Prosecutorial District, Satana Deberry, District Attorney for the 16th Prosecutorial District, William West, District Attorney for the 14th Prosecutorial District, Lorrin Freeman, District Attorney for the 10th Prosecutorial District, and Benjamin R. David, District Attorney for the 6th Prosecutorial District (hereinafter "DA Defendants[1]"), and hereby answer Plaintiffs' Amended Complaint [DE 42] as follows:

---

[1] Undersigned counsel does not represent Defendant District Attorney Jim O'Neill. The term "DA Defendants" does not include DA O'Neill.

**FIRST DEFENSE**
**ANSWER TO VERIFIED FIRST AMENDED COMPLAINT**

**RESPONSE TO "INTRODUCTORY STATEMENT AND CASE HISTORY"**

1.      The allegations in Paragraph 1 are legal conclusions and/or constitute Plaintiff's interpretation of three provisions of North Carolina Session Law 2023-14 ("SB 20"), codified as amended by Session Law 2023-65 ("HB 190"), at N.C. Gen. Stat. art. 11, Ch. 90 ("the Act"), to which no response is required. To the extent a response is required, the allegations are denied.

2.      The allegations in Paragraph 2 are characterizations of the Act, which speaks for itself, serves as the best evidence of its own content, and therefore require no response from DA Defendants. The remaining allegations are legal conclusions and/or constitute Plaintiff's interpretation of the Act, to which no response is required. To the extent a response is required, the allegations are denied.

3.      Admitted.

4.      Admitted that Plaintiffs filed a complaint on June 16, 2023 alleging various constitutional violations. The pleadings speak for themselves and serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

5.      Admitted that Plaintiffs filed a motion for a temporary restraining order and preliminary injunction on June 21, 2023 alleging various constitutional violations. The pleadings speak for themselves and serve as the best evidence of their own content,

and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

6.      Admitted that the General Assembly passed HB 190, which amended SB 20, and that Governor Cooper signed HB 190 into law on June 29, 2023. DA Defendants are without knowledge or information to admit or deny whether the General Assembly passed HB 190 in response to this lawsuit. To the extent that a response is required, the remaining allegations are denied.

7.      Admitted that the Parties reached a joint stipulation resolving certain claims. The remaining allegations constitute legal conclusions, to which no response is required. HB 190 speaks for itself, serves as the best evidence of its own contents, and requires no response from DA Defendants. To the extent that a response is required, the remaining allegations are denied.

8.      The stipulation speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants. The Court's June 30, 2023 Order speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants.

9.      The stipulation speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants. The Court's June 30, 2023 Order speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants.

10.     Admitted that the Court granted in part, and denied in part, Plaintiffs' motion for a temporary restraining order on June 30, 2023. The Court's June 30, 2023

Order speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants. To the extent that a response is required, the remaining allegations are denied.

11.     Admitted that the Court granted in part, and denied in part, Plaintiffs' motion for a temporary restraining order on June 30, 2023. The Court's June 30, 2023 Order speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny what filings Plaintiffs will make and when they will make them. To the extent that a response is required, the remaining allegations are denied.

12.     Admitted.

13.     The allegations in paragraph 13 are legal conclusions, Plaintiffs' legal arguments and Plaintiffs' interpretation of state law. The Court's June 30, 2023 Order speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

14.     The allegations in paragraph 14 are legal conclusions to which no response is required. The Act speaks for itself, serves as the best evidence of its own contents and requires no response from DA Defendants. N.C. Gen. Stat. §§ 90-21.81A, 90-21.81B and 14-23.7(1) speak for themselves, serve as the best evidence of their own contents, and require no response from the DA Defendants. To the extent that a response is required, the allegations are denied.

15.     The allegations in paragraph 15 are legal conclusions, argument, and are Plaintiffs' interpretation of the state law, to which no response is required. To the extent that a response is required, the allegations are denied.

16.     The allegations in paragraph 16 are legal conclusions, argument, and are Plaintiffs' interpretation of the state law, to which no response is required. To the extent that a response is required, the allegations are denied.

17.     The allegations in paragraph 17 are legal conclusions, argument, and are Plaintiffs' interpretation of the state law, to which no response is required. To the extent that a response is required, the allegations are denied.

18.     The allegations in paragraph 18 are legal conclusions, argument, and are Plaintiffs' interpretation of the state and federal law, to which no response is required. To the extent that a response is required, the allegations are denied.

19.     It is admitted that Plaintiffs seek declaratory and injunctive relief. The remaining allegations are legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

## RESPONSE TO "JURISDICTION AND VENUE"

20.     The allegation in Paragraph 20 is a legal conclusion, to which no response is required. To the extent that a response is required, the allegation is denied.

21.     The allegations in Paragraph 21 are legal conclusions, to which no response is required. To the extent that a response is required, the allegation is denied.

22.     The allegations in Paragraph 22 are legal conclusions, to which no response is required. It is admitted that Jeff Nieman, Satana Deberry and Avery

Crump reside within the jurisdiction of the Middle District of North Carolina. DA Defendants are without sufficient knowledge or information to admit or deny where Jim O'Neill resides. To the extent that a response is required, the allegation is denied.

## RESPONSE TO "PLAINTIFFS"

23. DA Defendants are without sufficient knowledge or information to admit or deny the allegation in Paragraph 23 regarding PPSAT's corporate status, locations, services, and who it is suing on behalf of, therefore that allegation is denied.

24. DA Defendants are without sufficient knowledge or information to admit or deny the allegation in Paragraph 24 regarding Dr. Gray's licensure status, her patients, her practice, and who she is suing on behalf of, therefore those allegations are denied.

## RESPONSE TO "DEFENDANTS"

25. Admitted that Joshua Stein in the Attorney General of North Carolina and that he is sued in his official capacity. The cited statute, N.C.G.S. § 114-2(1), (4), speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §114-2(1), (4) and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

26. Admitted that Todd M. Williams is the District Attorney for Prosecutorial District 40, which includes the city of Asheville, and that he is sued in his official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve

as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

27.    Admitted that Jim O'Neill is the District Attorney for Prosecutorial District 31, which includes the city of Winston-Salem.  The remaining factual allegations are not directed to the responding DA Defendants, and therefore require no response.

28.    Admitted that Spencer B. Merriweather III is the District Attorney for Prosecutorial District 26, which includes the city of Charlotte, and that he is sued in his official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

29.    Admitted that Avery Crump is the District Attorney for Prosecutorial District 24, which includes the city of Greensboro, and that she is sued in her official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

30.    Admitted that Jeff Nieman is the District Attorney for Prosecutorial District 18, which includes the city of Chapel Hill, and that he is sued in his official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve as the best

evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

31.     Admitted that Satana Deberry is the District Attorney for Prosecutorial District 16, which includes the city of Durham, and that she is sued in her official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

32.     Admitted that William West is the District Attorney for Prosecutorial District 14, which includes the city of Fayetteville, and that he is sued in his official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

33.     Admitted that Lorrin Freeman is the District Attorney for Prosecutorial District 10, which includes the city of Raleigh, and that she is sued in her official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

34.     Admitted that Benjamin R. David is the District Attorney for Prosecutorial District 6, which includes the city of Wilmington and that he is sued in

his official capacity. The remaining allegations constitute Plaintiffs' interpretation of N.C.G.S. §§ 90-21.81A, 90-21-81B. The cited statutes speak for themselves and serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

35.     Admitted that Kody H. Kinsley is the Secretary of the North Carolina Department of Health and Human Services and that he is sued in his official capacity. The cited administrative law, 10A N.C. Admin. Code 14E.0111 speaks for itself, is the best evidence of its own content, and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

36.     Admitted that, upon information and belief, Michaux R. Kilpatrick is the President of the North Carolina Medical Board, and is sued in her official capacity. The cited statutes and administrative law, N.C.G.S. §§ 90-21.88A, 90-14(a)(2), 90-14(h), 90-14.5(c); 21 N.C. Admin. Code 32N.0111(b), speaks for themselves, are the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

37.     Admitted that, upon information and belief, Racquel Ingram is the Chair of the North Carolina Board of Nursing, and is sued in her official capacity. The cited statute, N.C.G.S. § 90-21.88A, speaks for itself, is the best evidence of its own content, and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

## RESPONSE TO "STATUTORY FRAMEWORK"

38.     The allegations contained in Paragraph 38 are legal conclusions to which no response is required. N.C. Gen. Stat. § 90-21.82 speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

39.     It is admitted that the legislature overrode the Governor's veto. Admitted that Part I of the Act took effect on July 1, 2023 (except the provision blocked by this Court) and Part II is set to take effect on October 1, 2023. The remaining allegations contained in Paragraph 39 are legal conclusions to which no response is required. N.C. Gen. Stat. § 90-21.82 speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

40.     Paragraph 40 contains no factual allegations. To the extent that a response is required, the allegations are denied.

41.     The allegations in Paragraph 41 are Plaintiffs' interpretation of N.C. Gen. Stat. § 90-21.81A(a), which speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

42.     The allegations in Paragraph 42 are Plaintiffs' interpretation of N.C. Gen. Stat. §§ 90-21.81B(1), 90-21.81B(3), 90-21.81B(4), which speak for themselves, serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

43.     The allegations in Paragraph 43 constitute legal conclusions and Plaintiffs' interpretation of N.C. Gen. Stat. §§ 90-21.81B(3), 90-21.81B(4), 90-21.82A(c), 131E-153.1, which speak for themselves, serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

44.     The allegations in Paragraph 44 constitute legal conclusions and Plaintiffs' interpretation of N.C. Gen. Stat. § 90-21.81B(3)(a)(7), which speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

45.     The allegations in Paragraph 45 constitute legal conclusions and Plaintiffs' interpretation of N.C. Gen. Stat. § 90-21.81A, which speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. To the extent that a response is required, the allegations are denied.

46.     The allegations in Paragraph 46 constitute legal conclusions and Plaintiffs' interpretation of N.C. Gen. Stat. §§ 90-21.81A, 90-21.81B, 14-44, -45, -23.7(1) 131E-153.1, which speak for themselves, serve as the best evidence of their own content, and require no response from DA Defendants. To the extent that a response is required, the allegations are denied.

## RESPONSE TO "FACTUAL ALLEGATIONS"

47.     DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 47, therefore the allegations are denied.

## Whether the Act Allows Early Medication Abortion

48.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 48, therefore the allegations are denied.

49.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 49, therefore the allegations are denied.

50.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 50, therefore the allegations are denied.

51.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 51, therefore the allegations are denied.

52.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 52, therefore the allegations are denied.

53.    The publication cited in footnote 5 speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 53, therefore the allegations are denied.

54.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 54, therefore the allegations are denied.

55.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 55, therefore the allegations are denied.

56.    DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 56, therefore the allegations are denied.

57.     DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 57, therefore the allegations are denied.

58.     DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 58, therefore the allegations are denied.

59.     The publications cited in footnotes 6 and 7 speak for themselves, serve as the best evidence of their own content, and require no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 59, therefore the allegations are denied.

60.     DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 60, therefore the allegations are denied.

61.     The allegations in Paragraph 61 constitute legal conclusions and Plaintiffs' interpretation of the Act and N.C. Gen. Stat. §§ 90-21.83B(a)(7), which speak for themselves, serve as the best evidence of their own content, and require no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations, therefore the allegations are denied.

62.     The allegations in Paragraph 62 constitute legal conclusions and Plaintiffs' interpretation of the Act, which speak for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations, therefore the allegations are denied.

**Hospitalization Requirement for Procedural Abortions Under Exceptions After the Twelfth Week**

63. The allegations in Paragraph 63 constitute legal conclusions and Plaintiffs' interpretation of the Act, which speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations, therefore the allegations are denied.

64. The allegations in Paragraph 64 constitute legal conclusions and require no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations, therefore the allegations are denied.

65. The publication cited in footnote 8 speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 65, therefore the allegations are denied.

66. DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 66, therefore the allegations are denied.

67. DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 67, therefore the allegations are denied.

68. DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 68, therefore the allegations are denied.

69.     The publication cited in footnote 9 speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 69, therefore the allegations are denied.

70.     The publications cited in footnotes 10 and 11 speak for themselves, serve as the best evidence of their own content, and require no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 70, therefore the allegations are denied.

71.     DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 71, therefore the allegations are denied.

72.     The allegations in Paragraph 72 are legal conclusions and/or constitute Plaintiffs' interpretation of a legal opinions, which speak for themselves, are the best evidence of their own content, and require no response from DA Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 72, therefore the allegation are denied.

73.     The allegations in Paragraph 73 constitute legal conclusions and Plaintiffs' interpretation of the Act, which speaks for itself, serves as the best evidence of its own content, and requires no response from Defendant. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 73, therefore the allegations are denied.

74.     The publication cited in footnotes 12 and 13 speak for themselves, serve as the best evidence of their own content, and require no response from DA

Defendants. DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 74, therefore the allegations are denied.

75.     The allegations in Paragraph 75 are legal conclusions, to which no response is required.  DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 75, therefore the allegations are denied.

76.     The allegations in Paragraph 76 are legal conclusions, to which no response is required.  DA Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 76, therefore the allegations are denied.

## Whether Induction Abortion Is Permitted for Rape and Incest Survivors After the Twelfth Week of Pregnancy

77.     DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 77, therefore the allegations are denied.

78.      The allegations in Paragraph 78 constitute legal conclusions and Plaintiffs' interpretation of the Act, which speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants. To the extent a response is required, those allegations are denied.

79.     The allegations in Paragraph 79 constitute legal conclusions and Plaintiffs' interpretation of the Act, which speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants.

80. The allegations in Paragraph 80 constitute legal conclusions and Plaintiffs' interpretation of the Act, which speaks for itself, serves as the best evidence of its own content, and requires no response from DA Defendants.

81. DA Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 81, therefore the allegations are denied.

## RESPONSE TO "FIRST CLAIM FOR RELIEF DUE PROCESS – VAGUENESS"

82. DA Defendants incorporate by reference and specifically reassert their responses to Plaintiffs' allegations as set forth above.

83. The allegations in Paragraph 83 constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

## RESPONSE TO "SECOND CLAIM FOR RELIEF DUE PROCESS AND EQUAL PROTECTION"

84. DA Defendants incorporate by reference and specifically reassert their responses to Plaintiffs' allegations as set forth above.

85. The allegations in Paragraph 85 constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

86. The allegations in Paragraph 86 constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

## RESPONSE TO "PRAYER FOR RELIEF"

Paragraphs one through four in the Prayer for Relief constitute Plaintiffs' requests for relief, to which no response is required. To the extent that a response is required, the allegations in these paragraphs are denied.

**DA DEFENDANTS DENY GENERALLY EACH AND EVERY ALLEGATION OF THE AMENDED COMPLAINT NOT SPECIFICALLY ADMITTED, DENIED, OR OTHERWISE QUALIFIED ABOVE.**

## SECOND DEFENSE

DA Defendants assert absolute prosecutorial immunity as an affirmative defense to the causes of action against them in their official capacities. Plaintiffs fail to assert sufficient plausible facts to breach the absolute prosecutorial immunity afforded to prosecutors in connection with prosecutorial decisions and DA Defendants plead that immunity as a bar herein.

## THIRD DEFENSE

DA Defendants plead and reserve the right to assert any further defenses against Plaintiffs that may become apparent during litigation and discovery.

Submitted, this the 31st day of July, 2023.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
E-mail: eobrien@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
*Counsel for Defendants Williams,*
*Merriweather, Crump, Nieman, Deberry,*
*West, Freeman and David*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day electronically filed the foregoing **ANSWER OF DA DEFENDANTS** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system.

This the 31st day of July, 2023.

<u>/s/ Elizabeth Curran O'Brien</u>
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice