IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-cv-480

PLANNED PARENTHOOD SOUTH ATLANTIC; BEVERLY GRAY, M.D, on behalf of themselves and their patients seeking abortions,

        Plaintiffs,

v.

JOSHUA H. STEIN, Attorney General of North Carolina; in his official capacity; TODD M. WILLIAMS, District Attorney ("DA") for Prosecutorial District ("PD") 40, in this official capacity; JIM O'NEILL, DA for PD 31, in this official capacity; SPENCER B. MERRIWEATHER III, DA for PD 26, in his official capacity; AVERY CRUMP, DA for PD 24, in her official capacity; JEFF NIEMAN, DA for PD 18, in his official capacity; SATANA DEBERRY, DA for PD 16, in her official capacity; WILLIAM WEST, DA for PD 14, in his official capacity; LORRIN FREEMAN, DA for PD 10, in her official capacity; BENJAMIN R. DAVID, DA for PD6, in his official capacity; KODY H. KINSLEY, M.P.P., Secretary of the North Carolina Department of Health and Human Services, in this official capacity; MICHAUX R. KILPATRICK, M.D., PhD., President of the North Carolina Medical Board, in her official capacity, on behalf of herself, the board and its Members; RACQUEL INGRAM, PhD., R.N., Chair of the North Carolina Board of Nursing, in her official capacity, on behalf of herself, the Board and its members; and their employees, agents, and successors,

        Defendants.

**ANSWER**

NOW COMES Defendant Michaux R. Kilpatrick, M.D., in her official capacity as President of the North Carolina Medical Board, and Defendant Racquel Ingram, PhD., R.N., Chair of the North Carolina Board of Nursing, in her official capacity (collectively, "the Licensing Board Defendants"), by and through undersigned counsel, and hereby answers Plaintiffs' Complaint as follows:

<div align="center">

**FIRST DEFENSE**
**<u>MOTION TO DISMISS</u>**

</div>

Pursuant to Rules 12(b)(1), (2), & (6) of the Federal Rules of Civil Procedure, the Licensing Board Defendants, by and through undersigned counsel, move to dismiss all claims against them on the grounds of sovereign immunity, lack of personal and subject matter jurisdiction, quasi-judicial immunity, and failure to state a claim upon which relief can be granted.

<div align="center">

**SECOND DEFENSE**
**<u>ANSWER</u>**

</div>

I. **INTRODUCTORY STATEMENT AND CASE HISTORY**

1.     The allegations in Paragraph 1 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, it is admitted that this action appears to involve a challenge to three provisions of North Carolina Session Law 2023-14. Any remaining allegations in Paragraph 1 are denied.

2.     The allegations in Paragraph 2 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these

defendants are required to respond to such allegations, it is admitted that Plaintiffs are challenging specific provisions of N.C. Gen. Stat § 90-21. The text of the referenced statutes speaks for itself. Any remaining allegations in Paragraph 2 are denied.

3.      The allegations in Paragraph 3 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, the allegations are admitted.

4.      The allegations in Paragraph 4 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, defendants admit that Plaintiffs in this case previously filed a complaint alleging that various provisions of S.B. 20 were impermissibly vague and lacked a rational basis in violation of the First and Fourteenth Amendments. Any remaining allegations in Paragraph 4 are denied.

5.      The allegations in Paragraph 5 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, defendants admit that Plaintiffs in this case previously filed a motion for a temporary restraining order and preliminary injunction seeking to block the entirety of Part I of S.B. 20. Any remaining allegations in Paragraph 5 are denied.

6.      The allegations in Paragraph 6 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, defendants admit that the General Assembly passed H.B. 190, which amended S.B. 20, and Governor Cooper signed H.B.

190 into law. The Licensing Board Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6 and therefore deny them.

7.     The allegations in Paragraph 7 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, defendants admit that the Parties reached a joint stipulation on June 29, 2023. Any remaining allegations in Paragraph 7 are denied.

8.     The allegations in Paragraph 8 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, the joint stipulation cited and quoted in Paragraph 8 speaks for itself and serves as the best evidence of its contents. Similarly, this Court's June 30, 2023 order speaks for itself and serves as the best evidence of its contents. Any remaining allegations in Paragraph 8 are denied.

9.     The allegations in Paragraph 9 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, the joint stipulation and the Court's order cited in Paragraph 9 speak for themselves and serve as the best evidence of their contents. Any remaining allegations in Paragraph 9 are denied.

10.    The allegations in Paragraph 10 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, H.B. 190 and the Court's order

referenced in Paragraph 10 speak for themselves and constitute the best evidence of their contents. Any remaining allegations in Paragraph 10 are denied.

11.     The allegations in Paragraph 11 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, the Court's orders referenced in Paragraph 11 speak for themselves and constitute the best evidence of their contents. Any remaining allegations in Paragraph 11 are denied.

12.     The Licensing Board Defendants admit that the Court ordered the Plaintiffs to file an amended complaint by July 17, 2023.

13.     The allegations in Paragraph 13 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, the Amended Complaint speaks for itself and constitutes the best evidence of its contents.   Any remaining allegations in Paragraph 13 are denied.

14.     The allegations in Paragraph 14 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, the statutes cited in Paragraph 14 speak for themselves and constitute the best evidence of their contents. Any remaining allegations in Paragraph 14 are denied.

15.     The allegations in Paragraph 15 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. Furthermore, the Licensing Board Defendants lack sufficient knowledge and information to determine the

veracity of these allegations. To the extent that these defendants are required to respond to such allegations, the allegations are denied.

16.     The allegations in Paragraph 16 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. Furthermore, the Licensing Board Defendants lack sufficient knowledge and information to determine the veracity of these allegations. To the extent that these defendants are required to respond to such allegations, the allegations are denied.

17.     The allegations in Paragraph 17 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. Furthermore, the Licensing Board Defendants lack sufficient knowledge and information to determine the veracity of these allegations. To the extent that these defendants are required to respond to such allegations, the allegations are denied.

18.     The allegations in Paragraph 18 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, the allegations are denied.

19.     The allegations in Paragraph 19 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, defendants admit that Plaintiffs seek declaratory and injunctive relief. Any remaining allegations are denied.

## II.     JURISDICTION AND VENUE

20.     The allegations in Paragraph 20 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent these

defendants are required to respond to such allegations, all allegations in Paragraph 20 are denied.

21.     The allegations in Paragraph 21 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, it is admitted that a federal district court may have jurisdiction to grant declaratory relief in some cases. Any remaining allegations are denied.

22.     The allegations in Paragraph 22 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they lack sufficient knowledge or information to form a belief as to the truth of whether venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), and, therefore, cannot admit or deny those allegations.

## III.     PLAINTIFFS

23.     The Licensing Board Defendants admit, on information and belief, that Plaintiff PPSAT is a not-for-profit corporation organized under the laws of North Carolina, operating nine health centers throughout the state, located in Asheville, Chapel Hill, Charlotte, Durham, Fayetteville, Greensboro, Raleigh, Wilmington, and Winston-Salem, as well as in South Carolina, Virginia, and West Virginia. Except as expressly admitted herein, these defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and, therefore, cannot admit or deny those allegations.

24.     The Licensing Board Defendants admit, upon information and belief, that Plaintiff Dr. Beverly Gray is a North Carolina board-certified and licensed physician with

a medical practice in Chapel Hill, Durham, and Fayetteville. Except as expressly admitted herein, these defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and, therefore, cannot admit or deny those allegations.

## IV. DEFENDANTS

25. The Licensing Board Defendants admit that Joshua H. Stein is the Attorney General of North Carolina and has been named as a defendant in this lawsuit in his official capacity. These defendants admit that the Attorney General is the chief law enforcement office in the State with the power to enforce certain State laws. The remaining allegations in Paragraph 25 state legal conclusions and require no response from these defendants. To the extent a response is required, the allegations are denied.

26. The Licensing Board Defendants admit that Todd M. Williams is the District Attorney for Prosecutorial District 40 and has been named as a defendant in this lawsuit in his official capacity. These defendants also admit that Mr. Williams has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

27. The Licensing Board Defendants admit that Jim O'Neill is the District Attorney for Prosecutorial District 31 and has been named as a defendant in this lawsuit in his official capacity. These defendants also admit that Mr. O'Neill has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

28. The Licensing Board Defendants admit that Spencer B. Merriweather III is the District Attorney for Prosecutorial District 26 and has been named as a defendant in this lawsuit in his official capacity. These defendants also admit that Mr. Merriweather has

the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

29.     The Licensing Board Defendants admit that Avery Crump is the District Attorney for Prosecutorial District 24 and has been named as a defendant in this lawsuit in his official capacity. These defendants also admit that Mr. Crump has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

30.     The Licensing Board Defendants admit that Jeff Nieman is the District Attorney for Prosecutorial District 18 and has been named as a defendant in this lawsuit in his official capacity. These defendants also admit that Mr. Nieman has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

31.     The Licensing Board Defendants admit that Satana Deberry is the District Attorney for Prosecutorial District 16 and has been named as a defendant in this lawsuit in her official capacity. These defendants also admit that Ms. Deberry has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

32.     The Licensing Board Defendants admit that William West is the District Attorney for Prosecutorial District 14 and has been named as a defendant in this lawsuit in his official capacity. These defendants also admit that Mr. West has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

33.     The Licensing Board Defendants admit that Lorrin Freeman is the District Attorney for Prosecutorial District 31 and has been named as a defendant in this lawsuit in her official capacity. These defendants also admit that Ms. Freeman has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

34. The Licensing Board Defendants admit that Benjamin R. David is the District Attorney for Prosecutorial District 6 and has been named as a defendant in this lawsuit in his official capacity. These defendants also admit that Mr. David has the authority to prosecute violations of certain state laws. Any remaining allegations are denied.

35. The Licensing Board Defendants admit that Kody H. Kinsley is the Secretary of the Department of Health and Human Services and has been named as a defendant in this lawsuit in his official capacity. The cited and quoted administrative code provision speaks for itself and constitutes best evidence of its contents. Any remaining allegations are denied.

36. The Licensing Board Defendants admit that Dr. Michaux R. Kilpatrick is the President of the North Carolina Medical Board and is being sued in her official capacity. The cited and quoted statutes and the administrative code speak for themselves and constitute best evidence of their contents. The Licensing Board Defendants further admit that the Medical Board's mission statement provides that "[t]he North Carolina Medical Board protects the people of North Carolina, and the integrity of the medical profession, through just and vigilant licensing and regulation." Any remaining allegations are denied.

37. The Licensing Board Defendants admit that Dr. Racquel Ingram is the Chair of the North Carolina Board of Nursing and is being sued in her official capacity. These defendants further admit that the Board of Nursing is responsible for implantation of policy and overseeing the activities of the Board of Nursing. These defendants also admit that the

duties and responsibilities of the Board of Nursing include, but are not limited to, the following:

- In addition to issuing, renewing and reinstating nursing licenses for Registered Nurses and Licensed Practical Nurses, Board responsibilities include:

- Approving and monitoring the state's nursing education programs which lead to initial licensure throughout the state;

- Interpreting the practice of nursing in North Carolina based on the Nursing Practice Act;

- Investigating complaints against licensed nurses and taking appropriate actions when deemed necessary;

- Administering the Nurse Licensure Compact.

The cited statute speaks for itself and constitutes best evidence of its contents. Any remaining allegations are denied.

## V.   STATUTORY FRAMEWORK

38.    The allegations in Paragraph 38 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

39.    The allegations in Paragraph 39 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the Act speaks for itself and takes effect as provided in the statute. Any remaining allegations are denied.

40.     The allegations in Paragraph 40 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the Act speaks for itself and constitutes the best evidence of its contents. Any remaining allegations are denied.

41.     The Licensing Board Defendants admit that the "Act" repeals N.C. Gen. Stat. § 14-45.1. These defendants further admit that the statute cited and quoted in Paragraph 41 speaks for itself and constitutes best evidence of its contents. Any remaining allegations are denied.

42.     The allegations in Paragraph 42 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the statutes cited in Paragraph 42 speak for themselves and constitute the best evidence of their contents. Any remaining allegations are denied.

43.     The allegations in Paragraph 43 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the statutes cited in Paragraph 43 speak for themselves and constitute the best evidence of their contents. Any remaining allegations are denied.

44.     The allegations in Paragraph 44 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the statutes cited

and quoted in Paragraph 44 speak for themselves and constitute the best evidence of their contents. Any remaining allegations are denied.

45. The allegations in Paragraph 45 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the Act and its provisions speak for themselves and constitute the best evidence of its contents. The Licensing Board Defendants further admit that the Medical Board is a public organization that regulates medical professionals in the state. Any remaining allegations are denied.

46. The allegations in Paragraph 46 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the statutes cited in Paragraph 46 speak for themselves and constitute the best evidence of their contents. Any remaining allegations are denied.

## VI.    FACTUAL ALLEGATIONS

47. The allegations in Paragraph 47 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

48. The Licensing Board Defendants, on information and belief, admit the allegations in Paragraph 48.

49.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and, therefore, any allegations are denied.

50.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and, therefore, any allegations are denied.

51.     The allegations in Paragraph 51 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

52.     The allegations in Paragraph 52 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

53.     The allegations in Paragraph 53 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

54.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and, therefore, any allegations are denied.

55.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and, therefore, any allegations are denied.

56.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, and, therefore, any allegations are denied.

57.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and, therefore, any allegations are denied.

58.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and, therefore, any allegations are denied.

59.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, and, therefore, any allegations are denied.

60.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and, therefore, any allegations are denied.

61.     The allegations in Paragraph 61 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the statute cited in

Paragraph 61 speaks for itself and constitutes the best evidence of its contents. Any remaining allegations are denied.

62. The allegations in Paragraph 62 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

63. The allegations in Paragraph 63 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

64. The allegations in Paragraph 64 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

65. The allegations in Paragraph 65 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the policy and position statement cited and quoted in Paragraph 65 speaks for itself and constitutes the best evidence of its contents. Any remaining allegations are denied.

66. The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, and, therefore, any allegations are denied.

67. The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and, therefore, any allegations are denied.

68. The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and, therefore, any allegations are denied.

69. The allegations in Paragraph 69 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the journal article cited in Paragraph 69 speaks for itself and constitutes the best evidence of its contents. Any remaining allegations are denied.

70. The allegations in Paragraph 70 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the policy and position statement cited and quoted in Paragraph 70 speaks for itself and constitutes the best evidence of its contents. Any remaining allegations are denied.

71. The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and, therefore, any allegations are denied.

72. The allegations in Paragraph 72 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the cases cited in

Paragraph 72 speak for themselves and constitute the best evidence of their contents. Any remaining allegations are denied.

73.     The allegations in Paragraph 73 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

74.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74, and, therefore, any allegations are denied.

75.     The allegations in Paragraph 75 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

76.     The allegations in Paragraph 76 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

77.     The Licensing Board Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and, therefore, any allegations are denied.

78.     The allegations in Paragraph 78 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny.  To the extent that these

defendants are required to respond to such allegations, they admit that the statute cited and quoted in Paragraph 78 speaks for itself and constitutes the best evidence of its contents. Any remaining allegations are denied.

79.     The allegations in Paragraph 79 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the statutes cited and quoted in Paragraph 79 speak for themselves and constitute the best evidence of their contents. Any remaining allegations are denied.

80.     The allegations in Paragraph 80 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny. To the extent that these defendants are required to respond to such allegations, they admit that the statute cited and quoted in Paragraph 80 speaks for itself and constitutes the best evidence of its contents. Any remaining allegations are denied.

81.     The allegations in Paragraph 81 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

### CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### DUE PROCESS—VAGUENESS

82.     Responses to all preceding paragraphs are incorporated by reference.

83.     The allegations in Paragraph 83 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege

Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

## SECOND CLAIM FOR RELIEF
## DUE PROCESS AND EQUAL PROTECTION

84.     Responses to all preceding paragraphs are incorporated by reference.

85.     The allegations in Paragraph 85 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

86.     The allegations in Paragraph 86 state legal conclusions or assertions which the Licensing Board Defendants are not required to admit or deny; to the extent they allege Plaintiffs are entitled to pursue any of their claims or are entitled to relief on any claims, the allegations are denied.

## RESPONSE TO PLAINTIFFS' REQUESTED RELIEF

Paragraphs 1 through 4 of Plaintiffs' "Prayer for Relief" constitute and/or characterize Plaintiffs' request for relief in this action and require no response from Defendants. To the extent a response is required, the allegations are denied.

## FURTHER DEFENSES

Defendants plead and reserve the right to assert any further defenses that may become apparent during the course of this litigation.

Respectfully submitted, this 31st day of July 2023.

<div style="margin-left: 50%;">

JOSHUA H. STEIN
Attorney General

*/s/* Michael Bulleri
Michael Bulleri
Special Deputy Attorney General
N.C. State Bar No. 35196
E-mail: mbulleri@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602-0629
Telephone: (919) 716-6900
Facsimile: (919) 716-6761

</div>