# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PLANNED PARENTHOOD SOUTH ATLANTIC, *et al.*,

              Plaintiffs,

v.

JOSHUA STEIN, *et al.*,

              Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. 1:23-cv-00480-CCE-LPA

## LEGISLATIVE LEADER DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

       Pursuant to Federal Rules of Civil Procedure 26, 33, and 34 and pursuant to the Court's July 6, 2023 Scheduling Order (DE 37), Defendants, Philip E. Berger, in his official capacity as President *Pro Tempore* of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives, ("Legislative Leader Defendants"), by and through their undersigned counsel, hereby respond to Plaintiffs' first set of interrogatories and requests for production of documents. Legislative Leader Defendants respond to each interrogatory and request in compliance with the applicable Federal Rules of Civil Procedure, without regard to any purported instructions or definitions included by Plaintiffs that allegedly modify or add to the requirements under the Rules.

## GENERAL OBJECTIONS

       1.    Legislative Leader Defendants make the following General Objections to Plaintiffs' first set of discovery requests as if separately set forth in each response. An assertion of a specific

1

objection in any response does not waive these General Objections that are intended to apply throughout.

2.      Legislative Leader Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assumption, or implication contained in any of these discovery requests by responding to these discovery requests,

3.      Legislative Leader Defendants respond to these discovery requests without waiving, and instead intending to preserve and preserving, all objections to competency, relevance, materiality, privilege, or admissibility, or to object on any other grounds that may arise later, related to any documents or information provided or produced in response to these requests in any subsequent proceeding, including any trial.

4.      Legislative Leader Defendants object to these discovery requests read alone or in conjunction with the "Definitions" or "Instructions," to the extent that they seek any document, information, or material protected by Attorney-Client Privilege or Legislative Privilege, or any other applicable privilege or protection doctrine or immunity. Inadvertent disclosure of any such privileged or protected information shall not be considered a waiver of any applicable privilege or protection.

### RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1.      Identify every person Intervenor-Defendants will rely on as an expert witness, including by declaration, at the preliminary injunction stage.

**RESPONSE**: At the preliminary injunction stage, Legislative Leader Defendants designated Dr. Bane and Dr. Wubbenhorst, who have both filed declarations as expert witnesses. Legislative Leader Defendants reserve the right to designate additional expert witnesses later in the course of discovery in accordance with the Rules and any applicable Court Orders.

2.      For each expert identified in Interrogatory No. 1, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert

is expected to testify, a summary of the grounds for each opinion, and a description of any and all prior litigation relating to abortion in which the expert has participated.

**RESPONSE**: Dr. Bane and Dr. Wubbenhorst have both filed declarations that provide the subject matter on which each is expected to testify, the substance of the facts and opinions to which each is expected to testify, and a summary of the grounds for each opinion. Legislative Leader Defendants object to this Interrogatory to the extent that it seeks information beyond what is required in Rule 26. However, pursuant to FRCP 26(A)(2)(B)(v), these designated expert witnesses hereby provide a list of other cases in which, during the prior 4 years, the witness testified as an expert at trial or by deposition.

Dr. Bane: none

Dr. Wubbenhorst:

1. USA v. Texas, Case No. 1:21-cv-000796-RP US District Court for the Western District of Texas October 1, 2021

2. Planned Parenthood Great Northwest, et al., v. Members of the Medical Licensing Board of Indiana, et al., Case No.: 53C06-2208-PL-001756 State Monroe County Circuit Court Sept. 16, 2022

3. EMW Women's Surgical Center v. Daniel Cameron, et al. Case No. 22-CI-3225

4. Hodes & Nauser v. Kobach, Case No. 23 CV 3140 – July 7, 2023

5. Beatriz y Otros v. El Salvador, Case No. CDH-01-2022 in 2023

6. Dr. Jane Doe, et al., v. State of Minn., et al., and Mothers Offering Maternal Support, Case No.: 62-CV-19-3868 Sept. 12, 2022

3. Identify the General Assembly's legislative intent, purpose, and/or reasons for the Hospitalization Requirement.

**RESPONSE**: Objection, to this Interrogatory for vagueness and relevance. The best evidence of the General Assembly's "legislative intent" is the law it enacted. *See United States v. Perkins*, 67 F.4th 583, 609 (4th Cir. 2023) ("Congress expresses its intentions through statutory text passed by both Houses and signed by the President (or passed over a Presidential veto). As this Court has

3

repeatedly stated, the text of a law controls over purported legislative intentions unmoored from any statutory text. The Court may not replace the actual text with speculation as to Congress' intent.") (internal citations omitted); *see also, Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") In any event, the General Assembly's intent or purpose or reasons are not relevant because rational basis review simply requires that a rational basis exists for the enacted law. Without waiving those objections, Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide details as to how the Hospitalization Requirement is rationally related to advancing the health and safety of a patient who has an abortion after the twelfth week of pregnancy.

> 4. Identify all facts that support any claim by Intervenor-Defendants that the Hospitalization Requirement is rationally related to advancing the health and/or safety of a patient who has an abortion after the twelfth week of pregnancy.

**RESPONSE**: Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide details as to how the Hospitalization Requirement is rationally related to advancing the health and safety of a patient who has an abortion after the twelfth week of pregnancy.

> 5. Identify all facts that support any claim that hospitalization is medically necessary for abortion after the twelfth week of pregnancy but not medically necessary for labor and delivery.

**RESPONSE**: Objection, to this Interrogatory for vagueness and relevance. It is unclear what is meant by "medically necessary," and regardless it is not relevant because that is not an issue before the Court in this case. Without waiving those objections, Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide detail as

4

to how the Hospitalization Requirement is rationally related to advancing the health and safety of a patient who has an abortion after the twelfth week of pregnancy and a law need not address every potential harm to be rational.

6. Identify all facts that support any claim that hospitalization is medically necessary for abortion after the twelfth week of pregnancy but not medically necessary for miscarriage management at the same gestational age.

**RESPONSE**: Objection, to this Interrogatory for vagueness and relevance. It is unclear what is meant by "medically necessary," and regardless that is not an issue before the Court in this case. Without waiving those objections, Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide detail as to how the Hospitalization Requirement is rationally related to advancing the health and safety of a patient who has an abortion after the twelfth week of pregnancy and a law need not address every potential harm to be rational.

7. Identify all persons and/or organizations outside of the General Assembly with which members of the General Assembly had any communications regarding the Hospitalization Requirement.

**RESPONSE**: Objection, to the extent Plaintiffs seek information about conversations, correspondence, or any other communications between and among legislators or their staff related to the passage of a law, Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by the well-established and long-standing Legislative Privilege. *See e.g., North Carolina State Conference v. McCrory*, 2015 WL 12683665, at *7 (M.D.N.C. Feb. 4, 2015). Also, Legislative Leader Defendants and their staff have had communications, written and verbal, with in-house counsel and outside counsel regarding the topic of the Hospitalization Requirement, both before the passage of the laws and since. To the extent that Plaintiffs seek information about conversations or correspondence or any other

communications between and among Legislative Leader Defendants and their staff with in-house counsel and outside counsel regarding the topic of the Hospitalization Requirement, then Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by Attorney-Client Privilege. To the extent that this Interrogatory seeks documents withheld based on the assertion of Legislative Privilege or Attorney Client Privilege, Legislative Leader Defendants object to creating a privilege log. Courts have often recognized that preparing a privilege log is not necessary where the communications are plainly protected from disclosure. *See e.g., id*.

Legislative Leader Defendants also object because they do not have knowledge of all the other various Senators' and Representatives' actions and communications, written or verbal, as it relates to any topic, much less this topic. Legislative Leader Defendants do not purport to speak with particularity for every individual Senator or Representative. Nor can Legislative Leader Defendants purport to waive Legislative Privilege as it applies to other Senators and Representatives.

Legislative Leader Defendants also object because information about conversations or communications between legislators and people who are not legislators or staff covered by the Legislative Privilege or Attorney-Client Privilege are not relevant to the questions at issue before the Court. It does not matter what any Senator or Representative, or even someone working on staff at the General Assembly, may have said or known, individually, at any given time. All that matters is whether the law is vague as enacted, or whether a reasonable basis for it exists. Individual intent or purpose is irrelevant because rational basis review simply requires a rational basis exists for the enacted law.

Without waiving these objections, Legislative Leader Defendants or members of their staff met with a broad array of individuals and organizations with differing viewpoints about the issue of abortion generally before the passage SB20 and HB190. Legislative Leader Defendants identify the following persons or organizations outside of the General Assembly who had any communications with the Speaker, the President *Pro Tem*, or their staff regarding the abortion bills which may have included discussion specifically about the Hospitalization Requirement: Doug Herron and Dr. Beverly Gray, on behalf of Duke University; Dr. Martin McCaffrey; Tami Fitzgerald and Mary Suma, on behalf of the NC Values Coalition; Chip Baggett and Dave Horne, on behalf of the NC Medical Society; Dr. Bill Pincus, on behalf of NC Right to Life; Rob Lamme, on behalf of the NC OBGYN Society; John Rustin, Jere Royall, and Sharon Sullivan, on behalf of NC Family Policy Council; Dr. Grant Campbell; Rev. Mark Creech, on behalf of the Christian Action League; Dr. Stacy Boulton; Jim Quick, on behalf of the NC Faith and Freedom Coalition; Paul Stam;  and Sarah Marshall, Wendy Bonano, and Melinda Delahoyde, on behalf of Gateway Women's Care.

8.     Identify all documents Intervenor-Defendants or other members of the General Assembly relied upon when drafting the Hospitalization Requirement.

**RESPONSE**: Objection, to the extent Plaintiffs seek information about conversations, correspondence, or any other communications between and among legislators or their staff related to the passage of a law, Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by the well-established and long-standing Legislative Privilege. *See e.g., North Carolina State Conference v. McCrory*, 2015 WL 12683665, at *7 (M.D.N.C. Feb. 4, 2015). Also, Legislative Leader Defendants and their staff have had communications, written and verbal, with in-house counsel and outside counsel regarding the topic of the Hospitalization Requirement, both before the passage of the laws and since. To the extent

Case 1:23-cv-00480-CCE-LPA   Document 74-5   Filed 09/12/23   Page 8 of 23

that Plaintiffs seek information about conversations or correspondence or any other communications between and among Legislative Leader Defendants and their staff with in-house counsel and outside counsel regarding the topic of the Hospitalization Requirement, then Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by Attorney-Client Privilege. To the extent that this Interrogatory seeks documents withheld based on the assertion of Legislative Privilege or Attorney Client Privilege, Legislative Leader Defendants object to creating a privilege log. Courts have often recognized that preparing a privilege log is not necessary where the communications are plainly protected from disclosure. *See e.g., id*.

Legislative Leader Defendants also object because they do not have knowledge of documents that other Senators and Representatives reviewed or relied upon when drafting the Hospitalization Requirement. Legislative Leader Defendants do not purport to speak with particularity for every individual Senator or Representative. Nor can Legislative Leader Defendants purport to waive Legislative Privilege as it applies to other Senators and Representatives.

Legislative Leader Defendants also object because information about documents any particular Senator or Representative may have reviewed or even relied upon when drafting the Hospitalization Requirement is not relevant to the questions at issue before the Court. It does not matter what any Senator or Representative, or even someone working on staff at the General Assembly, may have said or known, individually, at any given time. All that matters is whether the law is vague as enacted, or if a reasonable basis for it exists. Individual intent or purpose or a particular document being reviewed at any time is irrelevant because rational basis review simply requires a rational basis exists for the enacted law.

Without waiving these objections, Legislative Leader Defendants are gathering and will soon produce documents the Speaker, the President *Pro Tem*, or their staff received from persons or organizations outside of the General Assembly who had any communications with them regarding the abortion bills which may have included information specifically about the Hospitalization Requirement pursuant to Rule 33(d).

9.      Identify the General Assembly's legislative intent, purpose, and/or reasons for the IUP Documentation Requirement.

**RESPONSE**: Objection, to this Interrogatory for vagueness and relevance. The best evidence of the General Assembly's "legislative intent" is the law it enacted. *See United States v. Perkins*, 67 F.4th 583, 609 (4th Cir. 2023) ("Congress expresses its intentions through statutory text passed by both Houses and signed by the President (or passed over a Presidential veto). As this Court has repeatedly stated, the text of a law controls over purported legislative intentions unmoored from any statutory text. The Court may not replace the actual text with speculation as to Congress' intent.") (internal citations omitted); *see also, Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") In any event, the General Assembly's intent or purpose or reasons are not relevant because rational basis review simply requires that a rational basis exists for the enacted law. Without waiving those objections, Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide details as to how the IUP Documentation Requirement is rationally related to advancing the health and safety of a patient who has a chemical abortion.

10.      Identify all facts that support any claim by Intervenor-Defendants that the IUP Documentation Requirement is rationally related to advancing the health and/or safety of a

9

patient who has a medication abortion, when that patient has already been screened for an ectopic pregnancy.

**RESPONSE**: Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide detail as to how the IUP Documentation Requirement is rationally related to advancing the health and safety of a patient who has a chemical abortion and explain that using an ultrasound is the way to accurately diagnose an ectopic pregnancy.

11.     Identify all facts that support any claim that the IUP Documentation Requirement leads to more frequent detection of an ectopic pregnancy.

**RESPONSE**: Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide detail as to how the IUP Documentation Requirement is rationally related to advancing the health and safety of a patient who has a chemical abortion and explain that using an ultrasound is the way to accurately diagnose an ectopic pregnancy.

12.     Identify all facts that support any claim that the IUP Documentation Requirement leads to earlier detection of an ectopic pregnancy.

**RESPONSE**: Objection, this Interrogatory is vague and Legislative Leader Defendants do not understand how to respond to it other than by objecting because they do not understand it. Without waiving those objections, Dr. Bane and Dr. Wubbenhorst have both filed declarations relied upon by Legislative Leader Defendants in their brief that provide detail as to how the IUP Documentation Requirement is rationally related to advancing the health and safety of a patient who has a chemical abortion and explain that using an ultrasound is the way to accurately diagnose an ectopic pregnancy.

13.     Identify all persons and/or organizations outside of the General Assembly with which members of the General Assembly had any communications regarding the IUP Documentation Requirement.

10

**RESPONSE**: Objection, to the extent Plaintiffs seek information about conversations, correspondence, or any other communications between and among legislators or their staff related to the passage of a law, the Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by the well-established and long-standing Legislative Privilege. *See e.g., North Carolina State Conference v. McCrory*, 2015 WL 12683665, at *7 (M.D.N.C. Feb. 4, 2015). Also, Legislative Leader Defendants and their staff have had communications, written and verbal, with in-house counsel and outside counsel regarding the topic of the IUP Documentation Requirement, both before the passage of the laws and since. To the extent that Plaintiffs seek information about conversations or correspondence or any other communications between and among Legislative Leader Defendants and their staff with in-house counsel and outside counsel regarding the topic of the IUP Documentation Requirement, then Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by Attorney-Client Privilege. To the extent that this Interrogatory seeks documents withheld based on the assertion of Legislative Privilege or Attorney Client Privilege, Legislative Leader Defendants object to creating a privilege log. Courts have often recognized that preparing a privilege log is not necessary where the communications are plainly protected from disclosure. *See e.g., id*.

Legislative Leader Defendants also object because they do not have knowledge of all the other various Senators' and Representatives' actions and communications, written or verbal, as it relates to any topic, much less this topic. Legislative Leader Defendants do not purport to speak with particularity for every individual Senator or Representative. Nor can Legislative Leader Defendants purport to waive Legislative Privilege as it applies to other Senators and Representatives.

11

Legislative Leader Defendants also object because information about conversations or communications between legislators and people who are not legislators or staff covered by the Legislative Privilege or Attorney-Client Privilege are not relevant to the questions at issue. It does not matter what any Senator or Representative, or even someone working on staff at the General Assembly, may have said or known, individually, at any given time. All that matters is whether the law is vague as enacted, or whether a reasonable basis for it exists. Individual intent or purpose is irrelevant because rational basis review simply requires a rational basis exists for the enacted law.

Without waiving these objections, Legislative Leader Defendants or members of their staff met with a broad array of individuals and organizations with differing viewpoints about the issue of abortion generally before the passage SB20 and HB190. Legislative Leader Defendants identify the following persons or organizations outside of the General Assembly who had any communications with the Speaker, the President *Pro Tem*, or their staff regarding the abortion bills which may have included discussion specifically about the IUP Documentation Requirement: Doug Herron and Dr. Beverly Gray, on behalf of Duke University; Dr. Martin McCaffrey; Tami Fitzgerald and Mary Suma, on behalf of the NC Values Coalition; Chip Baggett and Dave Horne, on behalf of the NC Medical Society; Dr. Bill Pincus, on behalf of NC Right to Life; Rob Lamme, on behalf of the NC OBGYN Society; John Rustin, Jere Royall, and Sharon Sullivan, on behalf of NC Family Policy Council; Dr. Grant Campbell; Rev. Mark Creech, on behalf of the Christian Action League; Dr. Stacy Boulton; Jim Quick, on behalf of the NC Faith and Freedom Coalition; Paul Stam; and Sarah Marshall, Wendy Bonano, and Melinda Delahoyde, on behalf of Gateway Women's Care.

14. Identify all documents Intervenor-Defendants or other members of the General Assembly relied upon when drafting the IUP Documentation Requirement.

12

**RESPONSE**: Objection, to the extent Plaintiffs seek information about conversations, correspondence, or any other communications between and among legislators or their staff related to the passage of a law, the Legislative Leader Defendants object to this Request because it seeks information protected from disclosure by the well-established and long-standing Legislative Privilege. *See e.g., North Carolina State Conference v. McCrory*, 2015 WL 12683665, at *7 (M.D.N.C. Feb. 4, 2015). Also, Legislative Leader Defendants and their staff have had communications, written and verbal, with in-house counsel and outside counsel regarding the topic of the IUP Documentation Requirement, both before the passage of the laws and since. To the extent that Plaintiffs seek information about conversations or correspondence or any other communications between and among Legislative Leader Defendants and their staff with in-house counsel and outside counsel regarding the topic of the IUP Documentation Requirement, then Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by Attorney-Client Privilege. To the extent that this Interrogatory seeks documents withheld based on the assertion of Legislative Privilege or Attorney Client Privilege, Legislative Leader Defendants object to creating a privilege log. Courts have often recognized that preparing a privilege log is not necessary where the communications are plainly protected from disclosure. *See e.g., id*.

Legislative Leader Defendants also object because they do not have knowledge of documents that other Senators and Representatives reviewed or relied upon when drafting the IUP Documentation Requirement. Legislative Leader Defendants do not purport to speak with particularity for every individual Senator or Representative. Nor can Legislative Leader Defendants purport to waive Legislative Privilege as it applies to other Senators and Representatives.

13

Legislative Leader Defendants also object because information about documents any particular Senator or Representative may have reviewed or even relied upon when drafting the IUP Documentation Requirement is not relevant to the questions at issue. It does not matter what any Senator or Representative, or even someone working on staff at the General Assembly, may have said or known, individually, at any given time. All that matters is whether the law is vague as enacted, or if a reasonable basis for it exists. Individual intent or purpose or a particular document being reviewed at any time is irrelevant because rational basis review simply requires a rational basis exists for the enacted law.

Without waiving these objections, Legislative Leader Defendants are gathering and will soon produce documents the Speaker, the President *Pro Tem*, or their staff received from persons or organizations outside of the General Assembly who had any communications with them regarding the abortion bills which may have included information specifically about the IUP Documentation Requirement pursuant to Rule 33(d).

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

1.      Produce all documents that Intervenor-Defendants' expert witnesses named in the response to Interrogatory No. 1 have referred to, cited, or relied upon in forming their expert opinions.

**RESPONSE**: See documents produced.

2.      For each of Intervenor-Defendants' expert witnesses named in the response to Interrogatory No. 1, provide copies of their curricula vitae, and declarations or expert reports submitted in any and all prior litigation involving abortion in which the expert has participated.

**RESPONSE**: Legislative Leader Defendants object to this Interrogatory to the extent that it seeks information beyond what is required in Rule 26. However, without waiving that objection, pursuant to FRCP 26(A)(2)(B)(v), see documents produced.

14

3.     For each of Intervenor-Defendants' expert witnesses named in the response to Interrogatory No. 1, provide transcripts of any and all deposition or trial testimony the experts have provided in any and all prior litigation involving abortion in which the expert has participated.

**RESPONSE**: Legislative Leader Defendants object to this Interrogatory to the extent that it seeks information beyond what is required in Rule 26. However, without waiving that objection, pursuant to FRCP 26(A)(2)(B)(v), see documents produced.

4.     Produce all non-publicly-available documents concerning the legislative history, legislative purpose, and/or intent of the Hospitalization and the IUP Documentation Requirements.

**RESPONSE**: Objection, to this Interrogatory for vagueness and relevance. The best evidence of the General Assembly's "legislative intent" is the law it enacted. *See United States v. Perkins*, 67 F.4th 583, 609 (4th Cir. 2023) ("Congress expresses its intentions through statutory text passed by both Houses and signed by the President (or passed over a Presidential veto). As this Court has repeatedly stated, the text of a law controls over purported legislative intentions unmoored from any statutory text. The Court may not replace the actual text with speculation as to Congress' intent.") (internal citations omitted); *see also, Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") In any event, the General Assembly's intent or purpose or reasons are not relevant because rational basis review simply requires that a rational basis exists for the enacted law.

To the extent Plaintiffs seek information about conversations, correspondence, or any other communications between and among legislators or their staff related to the passage of a law, the Legislative Leader Defendants object to this Request because it seeks information protected from disclosure by the well-established and long-standing Legislative Privilege. *See e.g., North Carolina State Conference v. McCrory*, 2015 WL 12683665, at *7 (M.D.N.C. Feb. 4, 2015). Also,

15

Legislative Leader Defendants and their staff have had communications, written and verbal, with in-house counsel and outside counsel regarding the topic of the IUP Documentation or Hospitalization Requirement, both before the passage of the law and since. To the extent that Plaintiffs seek information about conversations or correspondence or any other communications between and among Legislative Leader Defendants and their staff with in-house counsel and outside counsel regarding the topic of the IUP Documentation or Hospitalization Requirement, then Legislative Leader Defendants object to this Interrogatory because it seeks information protected from disclosure by Attorney-Client Privilege. To the extent that this Interrogatory seeks documents withheld based on the assertion of Legislative Privilege or Attorney Client Privilege, Legislative Leader Defendants object to creating a privilege log. Courts have often recognized that preparing a privilege log is not necessary where the communications are plainly protected from disclosure. *See e.g., id*.

Legislative Leader Defendants also object because they do not have knowledge of documents that other Senators and Representatives reviewed or relied upon when drafting the IUP Documentation or Hospitalization Requirement. Legislative Leader Defendants do not purport to speak with particularity for every individual Senator or Representative. Nor can Legislative Leader Defendants purport to waive Legislative Privilege as it applies to other Senators and Representatives.

Legislative Leader Defendants also object because information about documents any particular Senator or Representative may have reviewed or even relied upon when drafting the IUP Documentation or Hospitalization Requirement are not relevant to the questions at issue before the Court. It does not matter what any Senator or Representative, or even someone working on staff at the General Assembly, may have said or known, individually, at any given time. All that matters

is whether the law is vague as enacted, or if a reasonable basis for it exists. Individual intent or purpose or a particular document being reviewed at any time is irrelevant because rational basis review simply requires a rational basis exists for the enacted law.

Without waiving those objections, see Dr. Bane and Dr. Wubbenhorst declarations which are being produced and, to the extent any video or audio recordings of any floor debate exist that may have included discussion of the Hospitalization and the IUP Requirements, any party can request to review those recordings at the General Assembly, and arrangements will be made to accommodate such requests.

5. Produce copies of all documents that Intervenor-Defendants believe support the contention that the Hospitalization Requirement furthers the interests of the State of North Carolina.

**RESPONSE**: See the objections and response to Request #4 which is incorporated in full in response to this Request.

6. Produce copies of all documents that Intervenor-Defendants believe support the contention that the IUP Documentation Requirement furthers the interests of the State of North Carolina.

**RESPONSE**: See the objections and response to Request #4 which is incorporated in full in response to this Request.

7. Produce all documents reflecting any communications between any members of the General Assembly and any individuals and/or organizations identified in Interrogatory No. 7.

**RESPONSE**: See the objections and response to Interrogatory #7 which are incorporated in full in this response to this Request. Without waiving these objections, Legislative Leader Defendants are gathering and will soon produce documents the Speaker, the President *Pro Tem*, or their staff received from persons or organizations outside of the General Assembly who had communications

17

with them regarding the abortion bills which may have included information specifically about the Hospitalization Requirement pursuant to Rule 33(d).

> 8. Produce all documents reflecting any communications between any members of the General Assembly and any individuals and/or organizations identified in Interrogatory No. 13.

**RESPONSE**: See the objections and response to Interrogatory #13 which are incorporated in full response in this Request. Without waiving these objections Legislative Leader Defendants are gathering and will soon produce documents the Speaker, the President *Pro Tem*, or their staff received from persons or organizations outside of the General Assembly who had communications with them regarding the abortion bills which may have included information specifically about the IUP Documentation Requirement pursuant to Rule 33(d).

> 9. Produce all documents the General Assembly relied on when drafting the Hospitalization and IUP Documentation Requirements.

**RESPONSE**: See the objections and response to Request #4 which is incorporated in full in response to this Request.

This the 17th day of August, 2023.

Erin Hawley***
DC Bar No. 500782
ehawley@adflegal.org
Erica Steinmiller-Perdomo***
DC Bar No. 90009737
esteinmiller@ADFlegal.org
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Tel.: (202) 393-8690
Fax: (202) 347-3622

_s/ W. Ellis Boyle_

W. Ellis Boyle
N.C. State Bar I.D. No. 33826
email: docket@wardandsmith.com *
email: weboyle@wardandsmith.com **
WARD AND SMITH, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Tel.: (919) 277-9100
Fax: (919) 277-9177


Julia Payne***
IN Bar No. 34728-53
jpayne@adflegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Tel.: (480) 388-8028
Fax: (480) 444-0028
_Attorneys for Defendants Berger and Moore_

Denise M. Harle***
GA Bar No. 176758
dharle@adflegal.org
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Ste D-1100
Lawrenceville, GA 30043
Tel.: (770) 339-0774
Fax: (480) 444-0028

*** _Notice of Special Appearance Filed_

*This email address must be used in order to effectuate service under the Federal Rules of Civil Procedure.
** Email address to be used for all communications other than service.

19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing LEGISLATIVE LEADER DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION by electronic mail to the email addresses identified below which are the last email addresses known to me:

Hannah Swanson
Anjali Salvador, Esq.
Helene T. Krasnoff, Esq.
email:  Anjali.salvador@ppfa.org
email:  Helene.krasnoff@ppfa.org
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
Attorneys for Planned Parenthood South Atlantic

Kristi L. Graunke, Esq.
Jaclyn A. Maffetore, Esq.
ACLU of North Carolina
email:  kgraunke@acluofnc.org
email:  jmaffetore@acluofnc.org
P. O. Box 28004
Raleigh, NC 27611
Attorneys for ACLU of North Carolina

Brigitte Amiri, Esq.
Lindsey Kaley, Esq.
Ryan Mendias, Esq.
American Civil Liberties Union Foundation
email:  bamiri@aclu.org
email:  lkaley@aclu.org
email:  rmendias@aclu.org
125 Broad Street, 18th Floor
New York, NY 10004-2400
Attorneys for American Civil Liberties Union Foundation

Amar Majmundar, Esq.
Stephanie A. Brennan, Esq.
Sarah G. Boyce, Esq.
South A. Moore, Esq.
Sripriya Narasimhan, Esq.
North Carolina Department of Justice
email:  amajmundar@ncdoj.gov
email:  sbrennan@ncdoj.gov
email:  sboyce@ncdoj.gov

email:  smoore@ncdoj.gov
email:  snarasimhan@ncdoj.gov
North Carolina Department of Justice
P. O. Box 629
Raleigh, NC  27603
Attorneys for Joshua Stein, Attorney General of North Carolina

Elizabeth C. O'Brien, Esq.
North Carolina Department of Justice
email:  eobrien@ncdoj.gov
P. O. Box 629
Raleigh, NC  27603
Attorney for Todd M. Williams, District Attorney for District 40

Kevin Guy Williams, Esq.
email:  kwilliams@belldavispitt.com
Bell Davis & Pitt, P.A.
P. O. Box 21029
Winston-Salem, NC  27120-1029
Attorney for Jim O'Neill , District Attorney for District 31

Elizabeth C. O'Brien, Esq.
North Carolina Department of Justice
email:  eobrien@ncdoj.gov
P. O. Box 629
Raleigh, NC  27603
Attorney for:
  Spencer Merriweather, District Attorney for District 26
  Avery Crump, District Attorney for District 24
  Jeff Nieman, District Attorney for District 18
  Satana Deberry, District Attorney for District 16
  William West, District Attorney for District 14
  Lorrin Freeman, District Attorney for District 10
  Benjamin R. David, District Attorney for District 6

Colleen Mary Crowley, Esq.
Michael T. Wood, Esq.
email:  ccrowley@ncdoj.gov
email:  mwood@ncdoj.gov
555 Fayetteville Street, Suite 720
Raleigh, NC  27516
 Attorney for Kody H. Kinsley, Secretary of the North Carolina Department of
  Health and Human Services


 Michael E. Bulleri

21

North Carolina Department of Justice
email:  mbulleri@ncdoj.gov
114 West Edenton Street
Raleigh, NC  27603
Attorney for Michaux R. Kilpatrick, MD, PHD, President of the NC Medical
        Board and Racquel Ingram, PHD, RN, Chair of the North Carolina Board
        of Nursing

This the 17th day of August, 2023.

                                        *s/ W. Ellis Boyle*
                                        W. Ellis Boyle
                                        Attorney for Defendants Philip E. Berger and
                                        Timothy K. Moore